## WHITNEY v. POWELL.

1. ADVERSE POSSESSION.—The question of adverse possession is one of fact to be submitted to and found by the jury, under proper instructions from the court.
2. DEED—ADVERSE POSSESSION.—A deed of conveyance of lands, adversley held at the time of its execution, is void at common law.

(1 *Chand.* 52.)

ERROR to the Circuit Court for *Sheboygan* County.

This was an action of ejectment, brought by the plaintiff in error against the defendant in error, for the recovery of

the possesion of lot number one hundred and eleven, in Ellis' addition to the village of Sheboygan, and was tried at the September term of the Sheboygan circuit court, in 1848.

The plaintiff in error, to maintain the issue on his part, showed title in himself, under a grant from the United States, by a deed executed to him by one Ellis, bearing date on the 8th day of June, in the year 1846, and which was recorded on the 10th day of December, in the same year, and thereupon rested.

The defendant in error, in his defense, proved that he took possession of the lot in question on the 1st day of December, in the year 1844, and had continued in actual and peaceable possession of said lot from that time, claiming title to the same up to the time of the commencement of this suit ; and that his claim of title consisted of, and was asserted under, a quit-claim deed of the premises from one Henry Conkling, bearing date the 1st day of December, 1844, and recorded the same day.    The defendant in error here rested.

The circuit judge charged the jury that the defendant in error, being in possession of the lot, was constructive notice to the plaintiff in error without actual notice, and that the deed from Ellis to the plaintiff in error was void, because the defendant in error was in possession of the premises.

Verdict and judgment for the defendant, and the plaintiff brought a writ of error.

*F. Randall*, for the plaintiff in error, made the following points, and cited, under them, the authorities noted.

1. The possession of the defendant in error is, by law, deemed to be under, and in subordination to, the title of the plaintiff in error.    Rev. Stat. 259, § 6.

2. Adverse possession is never to be presumed, but must be made out by strict proof.    8 Johns. 220 ; 9 id. 166 ; 12 id. 368 ; 2 Aiken, 112 ; 2 U. S. Dig. 134, § 378 ; 3 Johns. Cas. 124 ; 4 Hill, 279–80.

3. Whether the possession of the defendant in error was adverse or not, was a matter of fact for the jury, under the

instruction of the court, as to what constitutes an adverse possession.   2 Johns. 102 ; 9 Cow. 576 ; 13 Johns. 495.

4. To constitute an adverse possession, the possession must be under a *bona fide* claim of title, and by color of title. 8 Cow. 598, 613 ; 5 id. 346 ; 9 Wend. 516 ; 5 id. 532.

5. The facts in this case do not show color of title in the defendant in error, nor a *bona fide* claim of title.   5 Cow. 598 ; id. 346 ; 5 Wend. 532 ; 1 Cow. 613 ; 14 Johns. 193 ; Jac. Law Dic., title, Release, 1 ; 7 Mass. 381 ; 8 Pick. 143 ; 5 Paige, 599 ; 11 Mass. 222 ; 4 id. 18 ; 3 Johns. 363 ; 7 Hill, 487.

6. The decisions in New York and other states, that a conveyance of land held adversely is void, are not applicable here.   We have no statute making them void, nor has the common law been adopted here.

The common law of England is not to be taken in all respects to be that of America.   2 Peters, 144, 658.   The policy in which the rule of the common law is founded is inapplicable.   4 Kent, 447 ; 20 Wend. 221; 3 Cow. 644 ; 4 Wend. 306 ; 3 Coke, 425, 426.

*Jas. Holliday*, in the absence of the attorney of the defendant in error, submitted to the court a brief in his behalf, but did not assume to make a formal argument.

WHITON, J.   The only question arising in this case is, whether the instructions given by the judge to the jury were correct.

The action was ejectment, and the bill of exceptions shows that the plaintiff, to establish his title to the land, showed a patent from the United States to Albert G. Ellis, and a deed from Ellis to him; the deed was executed on the 8th day of June, 1846, and recorded on the 10th day of December, in the same year.

The defendant showed that he took possession of the land, claiming title, on the 1st day of December, 1844, and that

he continued in possession, actual and peaceable, from that time, claiming title to the time of the commencement of the suit ; and that his claim of title was made under a quit-claim deed from Henry Conkling, bearing date the 1st day of December, 1844, and recorded on the same day. The judge, thereupon, charged the jury that the defendant being in possession of the lot, it was constructive notice to the plaintiff, without actual notice ; and that the deed from Ellis to Whitney was void, because the defendant was in possession of the premises. The jury found a verdict for the defendant, upon which the court rendered a judgment.

The errors assigned are, that the judge erred in charging the jury that the conveyance from Ellis to the plaintiff was void ; also in not leaving the question of adverse possession to the jury as a question of fact ; and also that the court rendered a wrong judgment.

The first error assigned brings before the court a very important question, and one which cannot be solved without some difficulty. In many of the states no such difficulty exists, as conveyances of this description are expressly forbidden by statutes which seem to re-enact, in a modified form, the statute of 32 Hen. VIII, ch. 9, against purchasing or selling pretended titles. By that statute, the seller of land forfeited the whole value of the land attempted to be sold ; and the purchaser also, if he purchased knowingly, unless the former had possession of the land at the time of the conveyance. 4 Kent's Com. 447.

But it is contended by the plaintiff in error, that in this state, where there is no statute in existence against such conveyances, they may be executed, and will have the effect to convey to the purchaser the title which the seller has to the land at the time the conveyance is executed. If conveyances of this description were forbidden by statute alone, this argument would be conclusive ; but the statute of 32 Hen. VIII, above alluded to, was passed in affirmance of the common

law, and made no alteration in it except that of adding a new penalty. Co. Litt. 369. Indeed, it seems that the whole policy of the common law forbade conveyances of land unless the grantor had in him, at the time, a right of possession. 4 Kent's Com. 447.

In Massachusetts and Indiana, where such conveyances are not forbidden by statute, they are held to be void by common law. *Brimley v. Whiting*, 5 Pick. 348 ; *Fite v. Doe*, 1 Blackf. 127. And I see no reason why such should not be the rule here.

The bill of exceptions shows that, at the time the plaintiff obtained his deed from Ellis, the defendant was in possession, claiming title under his deed from Conkling, and it must follow that his possession was adverse and operated as a disseizin of Ellis, and rendered his deed to the plaintiff void, if the defendant acted in good faith and believed his title was valid. *Livingston v. Peru Iron Co.* 9 Wend. 511.

It was contended, in the argument for the plaintiff in error, that the statute of this state (Ter. Stat. 259, § 6), would have the effect to entitle the plaintiff to recover, for the reason that the possession of the defendant had not continued for twenty years.

It is manifest that this section cannot have the effect contended for, if the deed from Ellis to plaintiff is void, as it only enables the party, who establishes a legal title to the premises, to recover against the person in possession, unless his possession has continued for twenty years.

But we are satisfied that, in one respect, the charge of the judge was incorrect, and that, for this reason, the judgment must be reversed. The jury were instructed that the deed from Ellis to the plaintiff was void ; this was probably the case, but if so, it must have been for the reason that the possession of the defendant, at the time it was executed, was adverse ; and in order to constitute an adverse possession, the defendant must have acted in good faith ; he must have

believed that the title he acquired by his deed from Conkling' was valid. *La Frombois v. Jackson*, 8 Cow. 595. And this should have been left to the jury. The judgment of the circuit court of Sheboygan county is reversed with costs.

Judgment reversed.