HENRY K. EDGERTON, Admr. &c., Plaintiff, in Error,

vs.

LURANIA BIRD, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

*Color of title* is that which in appearance is title, but which in reality is no title.

A claim of property under a conveyance however inadequate to carry the true title, is a claim under color of title, and will draw to the possession of the grantee, the protection of the statutes of limitation, other requisites of the statutes being complied with.

The cases of *Whitney vs. Powell* 1 Chand., 52, and *Woodward vs. Mc Reynolds*, Id. 224, considered and re-affirmed

A tax deed, informal and defective in substance, is admissible to show color of title in the defendant, to bring him within the protection of the statutes of limitation.

Suits for the recovery of land sold for taxes, except in cases where the taxes have been paid, or the lands redeemed according to law, must be commenced within three years from the time of recording of the tax deed of sale, or no recovery can be had.

*Possession*, accompanied with a claim of title under a tax deed void for informality, is adverse possession.

This was ejectment by the plaintiff in error against the defendant in error, to recover the possession of lot 7, in block 109, in the city of Madison, and was tried by a jury at the November term, 1857.

To prove the issue on his part, the plaintiff introduced:

Firstly. A patent from the United States, for certain lands, of which said premises are a part, to James D. Doty and Stevens T. Mason, dated August 10, 1837.

Secondly. A deed from said Mason to said Doty, of his interest in said premises, dated May 24, 1844.

Thirdly. A deed from said Doty and wife and others, to George P. Delaplaine and Elisha Burdick, for said premises, dated May 8, 1849.

Fourthly. A deed from said Delaplaine and Burdick, to John D. Clute, for said premises, dated March 26, 1852.

Fifthly. A deed from said Clute to James Richardson for said premises, dated July 31, 1852.

Sixthly. A deed from said Richardson to Samuel Marshall, for said premises, dated December 4, 1852.

Seventhly. A deed from said Marshall to Leonard J. Farwell, for said premises, dated August 10, 1853.

Eighthly. A deed from said Farwell to William D. Bruen for said premises, dated June 10, 1854.

And the counsel for the said plaintiff, further to maintain and prove the said issue on his part, introduced and gave in evidence, a deed from James D. Doty, trustee of the Four Lake Company, to George W. Jones, for said premises, dated March 31, 1837, and also a deed from said Jones to Daniel Webster, of said premises; dated February 25th, 1839; a deed from said Webster to Herman Cope and Thomas S. Taylor, of said premises, dated April 28, 1841; a deed from said Cope and Taylor, to the said John D. Clute, of said premises, dated September 30, 1850; and also proved that said plaintiff was duly appointed and qualified as administrator, with the will annexed, of the estate of William D. Bruen, (deceased) and the counsel for the said plaintiff here rested his cause.

And the counsel for the said defendant to maintain and prove the said issue on her part introduced in evidence the following deed, to wit:

"Territory of Wisconsin, Dane county.

To all whom these presents shall come greeting:

Whereas the collector of the county of Dane, in the Territory of Wisconsin, did, on the 11th day of December, in the year of our Lord one thousand eight hundred and thirty-nine, in pursuance of law, sell to Daniel Wells, Jr., of the county of Milwaukee, and Territory of Wisconsin, the following described premises, to wit: Lots No. one, two, four, seven, nine and ten, in block number one hundred and nine, in the town of Madison, county of Dane, and territory of Wisconsin, for the sum of seven dollars and seventy-four cents, being the amount of taxes and charges due said county on the same for the year aforesaid, and did issue certificate of sale thereof to the said

purchaser; and whereas the time allowed by law for the redemption of said premises expired on the twelfth day of December, one thousand eight hundred and forty-nine; and whereas the said Daniel Wells, Jr., has, by assignment, transferred his interest in the said certificate to Prosper B. Bird; and whereas the said premises have not been redeemed within the time limited therefor by law, and in consequence thereof the said purchaser, or his assigns, have become entitled to a deed for the same, from the proper officer; and whereas it appears that prosper B. Bird is the lawful assignee of said certificate.

"Now, therefore, Know all men by these presents, that in the name of the Territory of Wisconsin, I, R. L. Ream, clerk of the Board of Bounty Commissioners of the county aforesaid, by virtue of authority in me vested by an act entitled ' An act concerning the duties of Clerks of the Boards of County Commissioners,' approved January 13th, 1840, do grant, bargain, sell, convey and confirm unto Prosper B. Bird, and his heirs and assigns, forever, all of the following lots, situate, lying and being in the town of Madison, county of Dane, and territory of Wisconsin, to-wit: lots No. one, two, four, seven, nine and ten, in block No. one hundred and nine. Together with all and singular the privileges and appurtenances to the said Prosper B. Bird, his heirs and assigns, forever.

In testimony whereof, I, R. L. Ream, the said clerk, have hereunto set my hand and affixed the seal of the Board [L. S.] of Commissioners of the county of Dane, this sixteenth day of December, A. D. one thousand eight hundred and forty-one. ·

In presence of                  R. L. REAM, Clerk.
    N. T. PARKISON,  ⎞
    PHILO DUNNING.  ⎠

TERRITORY OF WISCONSIN, ⎞   On this seventh day of Decem-
   Dane County, ss.      ⎠ ber, A. D. 1841, came before me, the above named R. L. Ream, clerk aforesaid, and acknowledged that he executed the above deed for the uses and purposes therein mentioned.            GEORGE HYER,
             Notary Public, Dane county, Wis."

But to the reading the said deed in evidence, the counsel for the plaintiff did then and there object, because said deed is void upon its face. But the said judge did then and there deliver his opinion and decide, that although said deed was void on its face for the reason that the Territory of Wisconsin is not the grantor therein, and does not therefore convey title to the premises, but that the same should be received in evidence for the purpose of showing colorable title, and did decide that the same should be read in evidence for that purpose ; to which opinion and decision of the said judge the counsel for the plaintiff did then and there except. And the counsel for the defendant, in connection with said deed, proved that the said Prosper B. Bird, from and after the date of said deed, claimed to hold, and did hold possession of said premises, until his death in the year 1852, by virtue of said deed, and further proved that said defendant, with her family, has occupied said premises from the time of the decease of her husband the said Prosper B. Bird, until the commencement of this suit, as his widow.

Upon this testimony the cause was submitted to the jury, who found for the defendant, who had judgment accordingly.

*Orton, Hopkins & Firman*, for plaintiff in error.

I. The court improperly received in evidence the tax deed, as colorable title. To constitute adverse possession or disseizen, the person holding must claim under a title adverse to the title of the real owner, and in good faith, besides being in the actual possession. To ascertain whether the claim of title be *adverse*, the deed, contract, or other evidence of title, must be inspected and judged of by the court; and such deed, contract, or other evidence of title, must be good on its face to convey, or it will show no adverse claim. The good faith of the holder, must in part be shown by the character of the title paper by which he holds possession, and if it should not be in the nature and form of a conveyance, or in other words, should be on its face a nullity, and not import to convey, it would be evidence of bad

faith in the person claiming to hold possession adverse to the legal title.

The person claiming to hold an adverse possession, is presumed to know whether his title paper is, on its face, good.

The tax deed in question, is made by one " R. L. Ream, Clerk," as the grantor, in violation of the Revised Statutes of 1839, page 49. Statutes of 1840, page 85.

Ream does not claim, on the face of the deed, to have any interest to convey, but the deed shows that the premises had been sold by somebody for taxes, and the territory has not granted to any one its interest in them.

The deed, therefore, is void on its face, and cannot show colorable title, and is worthless for any purpose.

The following cases and references are applicable to the above position: *Jackson vs. Andrews,* 7 Wend. 152 ; *Jackson vs. Frost,* 5 Cow. 346 ; *Simpson vs. Downing,* 23, Wend. 320 ; *Jackson, Ex. dem. vs. Bristol, et al.,* 12 John. 451 ; *Jackson vs. Dunbar and Thorn,* 2 Caine's C. 182 ; *Walker vs. Turner,* 5 Wheat., 550 ; *Brimmer vs. The Proprietors of Long Wharf,* 5 Pick., 135 ; *Small vs. Procter,* 15 Mass., 468 ; *Bates vs. Norcross,* 14 Pick., 228 ; *Varick vs. Jackson,* 2 Wend., 203 ; *Ewing vs. Burnet,* 11 Peters, 41 ; *Pillow vs. Roberts,* 13 How., 472 ; *Moore vs. Brown, et al.,* 11 How. 424 ; *Gregg vs. Lessee of Sayer and wife,* 8 Peters, 252 ; *Smith vs. Burtes,* 6 John., 195 ; *Riggs, etc., vs. Dooley, etc.,* 7 B. Monroe, 239.

II. We ask the court to review the cases of *Whitney vs. Powell,* 1 Chandler, 52 ; *Woodward, et al., vs. McReynolds,* 1 Chandler, 244, in view of the Revised Statutes of 1839, 259.

III. Since the Revised Statutes of 1849 have taken effect, a deed made by the owner out of possession, is good. Revised Statutes, 1849, page 327, S. 7.

*Abbott and Clark,* for defendant in error.

The tax deed was rightly admitted in evidence for the purpose of showing under what claim the defendant held the premises. *Wright vs. Mattison,* 18 How., 50 ; Angell on Limitations, 3d Ed., § 404.

The premises having been held adversely by the defendant and those under whom she claims, at the time of the execution of the deeds through which the plaintiff claims title, those deeds are consequently void. *Whitney vs. Powell*, 1 Chand., 52. Sess. Laws of 1840, p. 40.

The plaintiff is barred from recovery as against the defendant claiming under a tax deed, by the statutes in aid of such possession now in force, and which have existed for all the time since the execution of the tax deed under which the defendant holds the premises sought to be recovered. Sess. Laws of 1840, p. 40; Rev. Stat. ch. 15, § 123.

Defects in title are no hindrance to the full operation of the statute of limitations. 18 Johns, 40, ib. 355, 4 Harr. and McHen. (Md.) 222, 2 Murphy, (N. C.,) 14, 4 N. Hamp., 371, 3 N. Hamp., 49 and 23, 16 Johns, 293; *Hill vs. Wilson*, 2 Murphy, 14; *Sumner vs. Stevens*, 6 Met. 337; *Barker vs. Salmon*, 2 Met. 32; *Parker vs. Proprietors of Locks, etc.*, 3 id. 91; *Pipher vs. Lodge*, 16 Serg. and R., 214, &c.

The case in Illinois of *Woodward vs. Blanchard*, cited with approbation in 18 Howard, decides that "whether from ignorance, scepticism, sophistry, delusion or imbecility, and *with out regard* to what it should be from given legal standards of law or reason,"—the possessor of land believed that he held them by good title, however worthless that title might in reality be,—that title is held to be *colorable* and the possession *adverse*.

The objection that the deed to give *color of title* must be good on its face is clearly met in the case in 18 Johns, where the deed, although *wanting a seal*, and therefore *void* at common law, was held to give *color of title*, and a possession under it adverse possession, as well as in numerous other cases cited in the brief.

Adverse possession is a question of fact for the jury. 18 How. 50; 9 Johns, 102; 4 Greenleaf, 214; 5 Peters, 402; 6 Pick., 172, and Angell on Limitations of actions, &c., 3d Ed. p. 577, and a very large number of cases there cited.

Special limitation statutes, such as ours, have been universally held good.

"The doctrine of adverse possession was subjected to very critical disquisition in a case in the New York Court of Errors in 1826 ; and it was held that though the possessor claims under written evidence of title, that he need not produce that title, and even if he does produce it, and it prove to be defective, yet the character of his possession, as adverse, is not affected by the defects of his title, and if the entry be under *color of title*, the possession will be adverse, however groundless the supposed title may be." *La Fromboise vs. Jackson*, 8 Conn., 589.

The defendant and her husband have been in the *actual possession* of the premises in question since the date of tax deed, viz., Dec. 16, 1841, claiming title thereto by virtue of said deed—*fifteen years* before the commencement of this suit. The time has then long since expired within which a suit could be maintained to eject her from the possession of said premises.

It is contended by the defendant in error that the tax deed is good in substance. Rev. St. 1839, p. 49—and Session Laws of 1840, p. 85.

*By the Court*, COLE, J. The only question we have to consider in this case, is whether the defendant had such possession of the premises sought to be recovered, as to bar the plaintiff's right of action. It appears that the plaintiff, upon the trial, introduced and offered in evidence a patent from the United States for certain lands, of which the premises in controversy were a part, to James D. Doty and Stevens T. Mason, dated August 10th, 1837, and traced his chain of title from this patent, through a number of mesne conveyances, to the decedent of the plaintiff. Some of these conveyances were executed while the defendant and her husband were in possession of the premises, claiming to hold them under a tax title. The defendant, to defeat a recovery, offered in evidence this tax deed, which bore date December 16th, 1841, purporting to be made

and executed by R. L. Ream, clerk of the board of county commissioners of the county of Dane, reciting that the premises had been sold for the taxes for the year 1839, unto Daniel Wells, Jr., and that the certificates had been assigned to Prosper B. Bird, the husband of the defendant, and the person to whom the tax deed was given. To the reading of this latter deed in evidence, the counsel for the plaintiff objected, on the ground that the deed was void on its face; but the court decided that although the deed was void on its face, because the territory of Wisconsin is not the grantor therein; and because the deed did not convey title to said premises, yet that the same might be received in evidence for the purpose of showing colorable title; and the deed was read to the jury under an exception taken by the plaintiff. In connection with the deed, the defendant proved that Prosper B. Bird, from and after the date thereof, and by virtue of the deed, claimed to hold, and did hold, possession of the premises, until his death in the year 1852; and further proved that she and her family had occupied the premises since the death of her husband until the commencement of this suit. Upon the evidence submitted the jury found a verdict for the defendant. The plaintiff moved for a new trial, which motion the court overruled, and the principal error assigned here, is the ruling of the court admitting the tax deed in evidence for any purpose whatever.

Among the deeds offered in evidence by the plaintiff to establish his right to recover, was the deed from Doty and wife to Delaplaine and Burdick, dated May 8th, 1849, executed while Bird was in possession of the premises, claiming to hold them under his tax deed, and therefore the former deed, given as it was by one out of possession, was void as against Bird holding adversely, according to the decision of the late supreme court in the cause of *Whitney vs. Powell*, 1 Chand., 52, and *Woodward, et al. vs. McReynolds*, Id., 244. A reconsideration of the doctrine of those cases has been pressed upon us by the counsel for the plaintiff in error, in view of the force and meaning of section 7, page 239, of the Revised Statutes of the territory of Wisconsin, which provides that " whenever it shall

appear that the occupant, or those under whom he claims, entered into the possession of any premises under the claim of title, exclusive of any other right, founding such claim upon some written instrument or as being a conveyance of the premises in question, or upon the decree or judgment of some competent court, and that there has been a continued occupation and possession of the premises included in such instrument, decree or judgment, or of some part of such premises under such claim for twenty years, the premises so included shall be deemed to have been held adversely; except that when the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed the possession of any other lot of the same tract." We do not suppose this provision of the statute in any wise changes or modifies the common law in reference to the sale of pretended titles to real estate, and which makes a conveyance by a party out of possession and with an adverse possession against him void. The obvious import and meaning of the provision appears to be to declare what facts and circumstances in a given case, shall constitute, and be deemed to be, adverse possession ; that is, when an occupant enters into possession under a claim of title founded exclusively upon some written instrument or record, and continued in occupation and possession of the premises included in such instrument or record, or of some part thereof, for twenty years, he shall be considered as holding adversely, and can avail himself of the protection of the statute of limitations, even as against the rightful owner of the land. Such a continued occupation and adverse holding would bar an entry by one having the legal title. This is the meaning of this section, as we understand it. We are entirely satisfied with the soundness of the doctrine laid down in the cases of *Whitney vs. Powell*, and *Woodward vs. McReynolds*, and have no doubt but they are a correct exposition of the law of the territory of Wisconsin, and of the state, previous to the passage of the Revised Statutes. Section 7, chap. 59, R. S., changes in this respect the common law, which made every grant of land, except a release, void as an act of maintenance, if at the time the lands

were actually in the possession of another person, claiming under a title adverse to that of the grantor. In the present case, it appears to have been proven on the trial, that from the date of the tax deed, and by virtue of that deed, Bird claimed to hold, and did really hold, possession of the premises until his death, in 1852 ; and that the defendant, with her family, has occupied them since that time until the commencement of this suit. The possession and occupation seem to have been actual, continued, and notorious, under the tax deed, and as a matter of course, hostile to the title of the true owner. But it was insisted upon the argument of the cause, by the counsel for the plaintiff, that the tax deed is void upon its face, and therefore was not evidence of colorable title ; for it is said, to constitute adverse possession, the person actually holding must claim in good faith under a title hostile to the title of the real owner; that the court must determine by an inspection of the deed or other evidence of title, whether the claim of title was hostile or adverse ; and if it appeared that the title paper or contract was not in the nature and form of a conveyance, but showed upon its face that it was a nullity, the claim of title under such an instrument could not be adverse, the presumption being that the person holding knew whether the title paper on its face was good or not, and if it was not adequate to carry the true title, it was evidence of bad faith in the one claiming under it. Although the cases on adverse possession, and the statutes of limitation, are numerous in the books, it is not always easy to ascertain and determine what is meant by the phrase, " color of title." In the case of *Wright vs. Mattison*, 18 How. U. S. R., 50, the court upon this subject says :

" The courts have concurred, it is believed, without an exception, in defining ' color of title ' to be that which in appearance is title, but which in reality is no title. They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of the invalidity of an apparent or colorable title ; the inquiry with them has been, whether there was an apparent or colorable title under which an entry or claim has been made in good faith. We refer to a few decis-

ions by this court, which are deemed conclusive to the point, that a claim to property under a conveyance, however inadequate to carry the true title to such property, and however incompetent might have been the power of the grantor in such conveyance to pass a title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, and one which will draw to the possession of the grantee, the protection of the statutes of limitation, other requisites of those statutes being complied with." The cases of *Gregg vs. The Lessee of Sayre and wife*, 8 Peters, 253; *Ewing vs. Bennett*, 11 Id., 41; *Pillow vs. Roberts*, 13 How., 472, are cited in the opinion of the court. See also the case of *Woodward vs. Blanchard*, 16 Ill. R., 424, and cases there cited; also the cases cited and commented on in the notes to *Taylor vs. Horde*, 2 Smith's Leading Cases, 307, marginal paging." "Color of title may be made through conveyances, or bonds and contracts, or bare possession under parol agreements." In Massachusetts, it is held that where a party enters, not under any deed or written title, but merely assumes possession with claim of right, there is a disseizin to the extent of the land which he actually occupies, cultivates, encloses, or otherwise excludes the owner from. *Small* vs. *Proctor*, 15 Mass., 495; *Barton Mill Corporation* vs. *Bullfinch*, 5 Id., 229; *Brown* vs. *Porter*, 10 Id., 93; *Coburn, et al.* vs. *Hollis*, 3 Met., 125; *Sumner* vs. *Stevens*, Id., 337; *Slater* vs. *Rawson*, Id., 439. We are of the opinion that the tax deed is sufficient to show color of title in Bird, within the doctrine of the case of *Wright* vs. *Mattison*, and many other well considered cases found in the reports, without regard to its intrinsic worth as a title, or the informality in its execution. And we see no reason to doubt the sincerity and good faith of Bird in taking possession of the premises under the deed, and occupying and improving them, and claiming to hold them as against the real owner. He undoubtedly supposed that the tax deed was good, and conveyed to him all the title the territorial government could convey by a tax deed, or he would not have relied upon it and improved the premises. The property, is lots situated in the

then village, and now city of Madison ; and the continued claim of Bird, and his widow, the defendant, has been evidenced by public acts of ownership, such as they would exercise over property they owned in their own right. We therefore think the circuit court properly admitted the tax deed in evidence to show colorable title in the husband of the defendant, and the character of that possession. We are clear that this possession was adverse, and that the deed from Doty and wife dated in May, 1849, was null and void and conveyed no title.

But there is another view, which can be taken of this case, equally decisive against the plaintiff, and which disposes of both chains of the title attempted to be established by him on the trial. By section 123, chap. 15, R. S., it is provided that " any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the lands redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale and not thereafter." If any force or effect is given to this provision of law, it must, under the facts and circumstances of this case, defeat the action. The defendant has possession under a recorded tax deed, and had had possession under such a deed more than three years at the time the suit was brought. The tax deed was given in 1841, and it does not seem very inequitable to apply this statute of repose as a shield to protect the possession of the defendant.

The judgment of the circuit court is affirmed.