GRAY v. THE IOWA LAND Co. *et al.*

26 387
90 111
26 387
105 261

Corporation municipal: VACATION OF STREETS. A municipal corporation under the authority conferred in its charter, to " locate and establish streets and alleys and vacate the same," may rightfully and constitutionally order the vacation of a street; and this power when discreetly exercised and with due regard to individual rights,

Gray v. The Iowa Land Co.

will not be restrained at the instance of a citizen claiming, that, as a land owner, he is interested in keeping open the streets dedicated to the public.

*Appeal from Clinton District Court.*

THURSDAY, JANUARY 28.

EQUITY. — Demurrer to petition sustained, and plaintiff appeals. For the questions involved, see the opinion.

*D. Gray* for the appellant.

*M. H. Tyrrell, F. S. Bailey* and *W. I. Hayes* for the appellees.

WRIGHT, J.— The facts of this case, as shown by plaintiff's petition and agreed upon by counsel in argument, are as follows :

Plaintiff is the owner of a lot in the original town of Clinton, some distance (say one-half mile) from the streets and avenues hereinafter named, the same having been purchased by her grantor before South Clinton was platted or laid off as an addition. She also owns some other lots outside of the city, platted after the change in the streets of which she complains ; said lots, however, being on and near said streets and avenues, adjoining as it does said South Clinton on the south and west.

In October, 1858, the defendant (The Iowa Land Co.) owning the land, laid of this addition (south addition) to the town of Clinton, having thereon Fifth and Sixth streets running north and south, and First, Second, Third and Fourth avenues running east and west; said streets and avenues bounding blocks 52, 53 and 56.

In January, 1866, these blocks and each lot therein still belonging to the "land company," the city council of Clinton, upon the request and application of the com-

pany, ordered by proper resolution that a portion of Sixth street, as also of Second, Third, and Fourth avenues, and the alleys in said blocks, should be vacated; that the mayor, etc., quitclaim said portions to said company, provided the company should lay out for public use a street commencing at the corner of block 52 and running diagonally through these blocks, not far from and parallel with the line of the Clinton, Iowa & N. R. R., and also give so much land as might be necessary to extend three avenues across 80 acres of land belonging to the company directly west of said Sixth street.

The mayor and recorder accordingly made a quitclaim deed for the streets, etc., so vacated, and the company granted and conveyed the ground for the new street, and the extension of said three avenues. Thereupon the city and company entered upon the premises so conveyed and quitclaimed. The company platting anew the lots in their blocks so as to front them upon the streets as now established, selling lots, upon many of which valuable and permanent improvements have since been made. At the time of the vacation there were no buildings upon either of said blocks.

This petition was filed in September, 1868, it being claimed therein, that the city authorities had no power to order this vacation; that plaintiff as a land owner in the original town and of lots in her addition adjoining the city limits has an interest in keeping the streets, alleys, etc., once dedicated to the public, open for all time; that the recording of the plat of South Clinton was equivalent to a deed in fee simple to the public of the streets; that the right thus vested could not be changed to a private one; that the deed by the city is in open violation of the terms of the dedication.

If the city authorities had the power to order the vacation, plaintiff's case is at an end, for the objection made

goes, as we understand, to the want of power, and not to the manner of its exercise.

And, turning to the charter of 1857, the amendment of 1859, the general law for the incorporation of cities and towns, the curative act of 1858, we find in them, if not in each, ample authority for such order of vacation.

At the charter election, in April, 1859, the electors attempted to adopt an amendment to the original charter, by the 27th section of which it is expressly declared, that the council shall have power to lay off, open, widen, straighten, narrow, vacate or extend, and establish, etc., streets, alleys, whenever, etc.   But appellant insists that this amendment was not regularly and legally adopted, and was, therefore, void.   Concede this, and we find that section 19, paragraph 17, of the original charter (Laws of 1859, ch. 121), gives the council like full power " to locate and establish streets and alleys, and to vacate the same upon the petition of two-thirds the value of the real property on both sides the street or alley where the change is desired."   The vacation, in this case, was asked by the party owning all the property on both sides of the street. Nor does the right to vacate, as insisted by the appellant, extend alone to the streets which the city may " locate and establish."   The word " same " is not to be thus limited.   It means any street, etc., the proper petition being presented and case made.   The power to establish is not dependent upon the will, consent or approval of a citizen or the public.   The fee passes to the public as completely in that case as though the plat was made, acknowledged and recorded by and at the instance of an individual proprietor.   The vacation, in either instance, puts an end to the fee, as also to the public use.   The grant and exercise of such power, in no conceivable sense, impaired the obligation of any contract within the meaning of the constitutional inhibition (art. 1, § 21) to which

counsel refer. Without going into the general doctrine, it is sufficient to say that the land company never sold the lot owned by plaintiff in the town upon any assurance that the streets should remain as first established, for this was sold before the addition was laid off. So plaintiff laid off her addition *after* the change in the streets of which she complains. In no legal sense, then, was she injured or misled by the act of which she now complains. She had no interest to be impaired either by the law or the order of vacation.

The case of *Warren* v. *The Mayor* (22 Iowa, 351), is in its facts and principles so very different from the one at bar, that we cannot see how it is claimed to favor this appeal. There the city undertook to sell a public square against the will and consent of the original proprietors, who still held large interests in the place and adjacent to the square. There the square was dedicated to a particular use, and by the act (Laws 1839, 454) the city undertook that the land so dedicated should be held in trust to and for the use and purposes set forth. Here the *proprietor*, in making the addition, located and established certain streets, etc. The city charter, which covered this addition as well as the original plat, expressly conferred the power to *vacate*. The proprietor knew this, and so did the public and the plaintiff. But for the existence of this power, it is by no means a stretch of argument to say the proprietor might not have made this addition, or if so, would possibly have given a different location and direction to the streets and alleys. In due time, before a house is built on these blocks, while all of the lots therein still belong to the proprietor, an arrangement is made by the proprietor on the one side and the city on behalf of the public, by which certain parts of the streets, etc., so located are vacated, and in lieu thereof the public is secured other streets and outlets.

The changes made were reasonable, and apparently for the best interest and greater convenience of the public.

We would not be understood as holding that the council could, at its mere will, arbitrarily, without regard to individual rights, vacate the public streets of the city. We are very far from laying down a proposition or rule so broad. That a case might arise demanding equitable interposition at the instance of a citizen, we can well imagine. But there is no such case before us. We only hold that the council has the power to vacate, and that in this case it seems to have wisely, discreetly and safely exercised it, no one, and least of all, the appellant, being materially injured.

In support of the power exercised, we refer to the Revision, section 1064 (act 1858, ch. 157, § 34, "Incorporation of cities and towns"); chapter 83, Laws 1868 (curative act); chapter 99, page 137, Laws 1868, legalizing amended charters.

Affirmed.