# STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1871.

IN THE TWENTY-SIXTH YEAR OF THE STATE.

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" CHESTER C. COLE, ⎞
" WILLIAM E. MILLER, ⎟ JUDGES.
" JAMES G. DAY. ⎠

YOST *et al,* v. LEONARD.

1. Dedication: TOWN PLAT: INTERSECTION OF STREETS. In the absence of any thing on the plat of a town to indicate that it was not the intention of the proprietor that streets running at right angles should intersect, they will be held to intersect.

2. —— VACATION OF PORTION OF PLAT: STREETS. By the acknowledgment and recording of such plat, the fee to the streets and public grounds become vested in the town in trust for the public,

VOL. XXXIV. — 2

and the proprietor cannot, after the sale of any of the lots embraced in such plat, vacate any portion of the same or its streets and alleys, unless the purchasers of such lots, and all other persons holding an interest in any portion of the ground embraced in the plat, join with the proprietor in the instrument of vacation, as provided by chapter 78, Laws of 1862.

*Appeal from Des Moines District Court.*

THURSDAY, MARCH 28.

THE petition of plaintiffs states that the defendant being the owner of land, on which the town of Kossuth, in Des Moines county, now stands, laid off the said land into town lots, streets, squares and alleys, as shown on the plat annexed to the petition, and dedicated said streets, squares and alleys to the use of the public and the citizens of said town; that after said town was so laid off and said streets, etc., dedicated as aforesaid, the plaintiff Yost became the purchaser and is now the owner of lots Nos. 8 and 16 in said town; that J. C. Heizer purchased and now owns lots Nos. 30, 35, 38 and 43 in said town; that the Methodist Episcopal church purchased and now owns lots Nos. 52 and 60; that D. B. Heizer is the owner of lot No. 67; that J. Hamilton owns lot No. 75; that Samuel Cockayne is the owner of lots lying on the north side of College street, and between that street and the alley north of the same, and extending from "Arch to Locust" street; that Main street, as shown on the plat, was intended to and does extend north to the north side of Spring street, and that said Methodist church is situated on the north side of Spring street, at its intersection with Main street; that all the lots, except those owned by Cockayne, front on Main street, and are situated on the east side thereof; that plaintiffs purchased their respective lots, and improved the same with direct reference to the advantage of their situation on said street, and of access thereto, to be maintained by reason of said public

thoroughfares, and with reference to the width of said street, which, according to the plat and dedication, is sixty feet. It is further stated that the Yellow Springs Monument Association, a corporation by that name, purchased and owns one square of said town, as shown on the plat, situated on the west side of, and abutting on, Main street, and bounded on the north by Walnut street, on the west by Elm street, and on the south by Jefferson street; that said association purchased said land with reference to all of said streets, to be used for the purpose of erecting monuments to the soldiers of said township who fell in the late war; and, in purchasing the same, the officers of said association were influenced by the situation of said square to said streets, etc.; that W. H. Cartwright and Lewis Steel are owners of lots in said town, though not abutting on any of the streets aforesaid; that the Methodist church has improved its said lots by erecting thereon a parsonage or building to be used as a residence by the minister of said church in said town; that said Main street is the main traveled avenue of the town, and its present width necessary for the use and accommodation of the public, and especially for the people of the town and surrounding country as a public highway; that any change in the width of said street, or closing the same, will greatly reduce the value of the property of the plaintiffs, fronting on and bounded by said street, and that the maintenance of all of said streets is necessary to the proper enjoyment of the property abutting on the same.

It is further alleged, that the defendant claims the right to vacate and destroy certain of said streets, and to occupy the same as his private property, and has, without any notice to plaintiffs, caused to be filed, with the recorder of deeds of the county, an instrument of writing, declaring a certain portion of the streets and lots in said town to be vacated, including one-half of Main street, from Jefferson to Spring street, all of Elm and Walnut streets,

on the north and west of Monument square, and the whole of the alley north of the property of plaintiff Cockayne, which alley is necessary to the enjoyment of said property by the owner. That the defendant claims that, by virtue of said instrument, he has vacated said streets and alleys, and diverted the same to his own private use, and has erected a fence across Main, on the south side of Spring street, near the said Methodist church; that said Main street is the principal and most convenient avenue to said church for the citizens of said town and the members of said church, and that said obstruction materially injures them in the enjoyment of their said church building.

A decree is prayed declaring the said streets and alleys public highways, and enjoining and restraining the defendant from obstructing the same.

The answer admits that the defendant was the owner of the land upon which the town of Kossuth was laid out, and that he caused said town to be laid out, platted and recorded as averred in plaintiff's petition; admits that he recorded an instrument vacating a part of said town as alleged, and avers that, at the time he did so, he was the owner of all the lots and blocks so vacated, except the block known as "Monument square," which was included at the instance of the officers of the association, etc.

* * * He denies that the public has any right or interest in the land west of Spring street, where a line on the east side of Main street intersects the same, because he claims the same was never platted. He says that the fence across the north end of Main street has been there for fifteen years, and is a part of a fence inclosing his farm; denies the closing of the alley adjoining the lots of Cockayne, and disclaims any intention of doing so; denies the interest claimed by plaintiffs in the streets and parts of streets vacated; denies that the church is on the lot stated in the petition, but on the lot east thereof, etc., and denies all the other allegations of the petition.

Yost v. Leonard.

The cause was tried in equity by the court, and a decree entered that Main street, in said town as originally platted, is a public highway, and that the same for its whole width extends northwardly to the north side of Spring street; that Elm street on the north side of Monument square, and Walnut street on the north side, and Jefferson street on the south side thereof, are public highways; and that defendant has no right to close up any of said mentioned streets; and that the alley north of College street, and between Elm and Locust, and said Locust street, are public highways; that the instrument of writing executed and recorded by defendant, purporting to vacate said streets, so far as the streets mentioned are concerned, is null and void, and the defendant is perpetually enjoined from in any manner obstructing or inclosing any portion of Main street, any portion of any of the streets around Monument square, and the alley aforesaid and Locust street. Defendant appeals.

*Newman & Blake* for the appellant.

*Smythe & Hedges* for the appellees.

MILLER, J. — The appellants have limited their appeal to "so much of the decision, judgment and decree of the district court, as decides that the defendant dedicated, or intended to dedicate, to the public use so much of Main street as would extend to the north line of Spring street, and so much of Spring street as would extend to the west line of Main street;" and, in decreeing the same a public highway, and enjoining the defendant from obstructing the same, "and from such part of the judgment of said court as decrees that the defendant has no right to inclose that portion of Elm street that lies west of Monument square, and that portion of Walnut street that lies north of said square, and extending to the west line of Elm street, and holding the same to be public highways, and

holding said vacation to that extent void and perpetually enjoining defendants obstructing and inclosing the same," etc. The other portions of the decree are not appealed from, and we will consider such parts only as the appeal brings up.

I. There is no evidence except the exhibits annexed to the pleadings. The petition avers that Main street ex-

1. DEDICATION: town plat : intersection of streets.

tends to the north line of Spring street, which runs at right angles with the former. This is denied in the answer, and it is claimed that the plat, which is the only evidence on this point, does not support the averment of the petition. It is claimed by appellant that Main street does not extend north of a line corresponding to the south side of Spring street on the east, and the outside of the town plot on the west, of Main street, and that Spring street does not extend west of a line corresponding with the east side of Main street on the south, and the west boundary of the town on the north of Spring street. In other words, that Main street does not extend into Spring street, nor Spring street into Main street ; they run at right angles with each other — Main street running on the west side and Spring street on the north side of the same block. There are no lines or other marks on the plot which indicate that such was the intention of the defendant when the town was platted and the plat recorded. The construction of the plat contended for by appellant cuts off all communication between these two streets. The owner of the lot on the corner of the block on the east side of Main street, and the south side of Spring street, were he to erect a building on such corner, with doors on the north and west, could not pass from one door to the other around the corner of his house, fronting on two public streets, without committing a trespass on the defendants' land. Such a construction would be unreasonable, and not to be adopted, unless the plat showed clearly and unmistakably that such was the in-

tention. In the absence of any thing on the plat to indicate that these streets were not intended to intersect, the presumption is that they were. If it had been the intention that they were not to intersect, it would have been easily indicated on the plat. The universal custom of laying out cities and towns, so that the streets intersect and communicate with each other, would have induced the defendant to indicate by unmistakable signs that these streets were not intended thus to intersect, had such been his intention. In the absence of any thing to show such intention, the public and persons purchasing lots on either of these streets might well conclude that they were intended to communicate with each other.

II. It is next urged by appellant that that portion of the decree which enjoins him from inclosing and obstruct-
2.—— vacation: ing that portion of Elm street that lies west
of portions of
plat: streets. of Monument square, and that portion of Walnut street that lies north of said square, and extending to the west line of Elm street, and holding said portions of streets public highways, is erroneous.

The appellant, as the owner of the land, laid out the town, and platted and recorded the same under chapter 50 of the Revision of 1860, which was chapter 41 of the Code of 1851, the last section (1021) of which reads as follows: "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the land as is therein set apart for public use or is dedicated to charitable, religious, or educational purposes."

Under this section, the fee to the streets, alleys and public grounds vested in the public, or if the town was incorporated, in the corporation in trust for the public, and the lot owners acquired a right of way over the streets and alleys. *Milburn et al.* v. *The City of Cedar Rapids et al.*, 12 Iowa, 246; *Ransom* v. *Boal*, 29 id. 68; *City of Des Moines* v. *Hall*, 24 id. 234.

The attempted vacation of a part of the town plat by the appellant, and the right to do so, is claimed under chapter 78 of the Laws of 1862, p. 79. That act provides:

"Section 1. That in all cases wherein any person or persons, body politic or corporate, have laid out or may hereafter lay out any lands into town plats, or any addition to a town plat, or subdivision of town lots, and the maps or plats have been recorded, they, their heirs, assigns, grantees, or successors or executors, under order of the proper probate court, may, at any time *before making sale of any lot or lots therein,* by executing a writing duly acknowledged or proved as is or may be required in respect to deeds, and causing the same to be recorded, declare such plat to be vacated; and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the map or plat so vacated, and to divest all public rights in the streets, alleys, commons and public grounds laid out or described in such plat or map. And in cases wherein any single lot or lots shall have been sold, the town plat, or addition or subdivision of town lots, in which said lot or lots so sold are situated, may be vacated as herein provided, by all the owners of lots in such town plat, or addition or subdivision of town lots, joining in the execution of the writing aforesaid."

"Sec. 2. Any part of a town plat, or addition, or subdivision of town lots, may be vacated under the provisions and subject to the conditions of this act, provided such vacation does not abridge or destroy any of the rights and privileges of any other proprietors in said town plat, or addition thereto, or subdivision of town lots; and, provided further, that nothing contained in this act shall authorize the closing or obstructing of any public roads laid out according to law."

Lots having been sold in the town as originally platted and recorded, no attempt was made to vacate the whole

plat under the first section of the act, but only a part thereof under the second section.

By reference to the plat, it appears that the square conveyed by appellant to the Monument association is included within the portion of the plat vacated, and that such square is bounded on the north and west by the streets attempted to be vacated.

It is proper to remark that appellant's deed of vacation was presented to and confirmed by the circuit court of the proper county, but that no notice was given to any of the appellees or to any one interested in the town, and that none of the lot owners of the town joined in the deed of vacation.

Appellant bases his right to vacate "Monument Square," and the street on the north and west thereof, on a request of the officers of the association, and on a proviso in his deed to them of the square, as follows: "Provided that the streets west and north of said lots (square) are not to be opened until the sale of the lots on the line of said streets west and north."

This proviso does not sustain the right claimed. The vacation, if valid, would have the effect to take away and destroy the right of the association to have these streets opened at any time. This is not contemplated by the proviso in the deed. On the other hand, the plain import of these words is, that until the lots on the line of these streets are sold, the streets named need not be opened, but that they shall be opened when such lots are sold.

Now a vacation of these lots and streets would have the effect to prevent the sale of these lots entirely, and thereby abridge the rights of the Monument Association under this clause of the deed, which the second section of the act above set out expressly prohibits. Before the rights of the association acquired under their deed can be destroyed by a vacation of any part of the town plat, they

must join in the execution of the deed of vacation as provided in the first section of the act.

Again, other purchasers of lots in the town acquired rights and privileges in these streets, having purchased on the faith of the plat as recorded, whose rights or privileges, the statute provides, shall not be abridged or destroyed in this *ex parte* manner by the mere will of the original proprietor.

Affirmed.