C. F. McLachlan v. The Incorporated Town of Gray et al., Appellants.

**Injunction:** VACATION OF HIGHWAY: *Remedy of abutting owner.* An owner abutting on a highway, which a town proposes to vacate, no part of the highway lying on his land, cannot enjoin the vacation on the claim that his right of access will be interfered with and he otherwise seriously injured, as he has a plain, speedy, adequate remedy at law by *certiorari.* No question of fraud or bad faith is involved and the right to damages is not decided.

**Appeal:** WRONG FORUM: *New objections on appeal.* A defendant urging in the trial court that plaintiff was not entitled to an injunction may, on appeal, first urge that plaintiff had an adequate remedy at law. Such objection, in effect, urges a want of power rather than a mistake as to *forum.*

*Appeal from Audubon District Court.*—Hon. W. R. Green, Judge.

Saturday, April 9, 1898.

Action in equity to restrain the vacation of a highway within the limits of the incorporated town of Gray. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants appeal.—*Reversed.*

*H. F. Andrews* for appellants.

*Wonn & Noon* and *Theo. F. Myers* for appellee.

WATERMAN, J.—The petition alleges that plaintiff owns a tract of land along the south side of which runs a highway leading into the town of Gray; that he has erected expensive buildings, and made improvements upon that portion of his land abutting on said highway; that part of the highway is included within the limits of the incorporated town of Gray; that the council of said town, having provided another highway, but one that is not convenient for plaintiff's use, passed an ordinance vacating the part of the highway that is within the limits of the town. The plaintiff claims that he is thereby deprived of convenient access to his land and from his land to the town, all to his great injury and damage. No part of the highway is on plaintiff's land. The defense is, in substance, that the town had good reason for vacating the highway. There was a temporary injunction, and upon a hearing plaintiff had a decree perpetually enjoining defendants from vacating said highway. The town, the members of the council, and the street commissioner are made defendants herein.

II. Appellants contend that plaintiff is entitled to no such relief in equity, and this, we think is so. It is well established that courts of equity will not afford a party aid to protect his rights if he has a plain, speedy, and adequate remedy at law. The remedy here should have been sought through proceedings by *certiorari*. *Rockwell v. Bowers*, 88 Iowa, 88; *Stubenrauch v. Neyenesch*, 54 Iowa, 567; 2 Dillon, Municipal Corporation, sections 611, 925. In the opinion of the trial judge, which is set out in the abstract, it is said: "No objection is made in this case to the form of this action, and, if there are any valid objections

thereto, I think they are now waived." Appellee urges the claim of waiver here. We do not think it good. Defendants have from the first most strenuously insisted that plaintiff was not entitled to an injunction. We do not think they are precluded from giving a reason in support of that contention in this court merely because they did not assign it in the court below. What they set up is not a new claim, but rather an additional argument in favor of a claim that they have insisted on from the outset. *Bond v. Railway Co.*, 67 Iowa, 712. In each of the first cited cases, which were equitable actions for injunctions, the point was ruled by this court after a trial on the merits below. If the objection here was to the forum, and not to plaintiff's right, the failure to make a motion to transfer to the proper docket would be a waiver. *Corey v. Sherman*, 96 Iowa, 114, and cases cited. So, too, if the facts as alleged were proper in kind, but merely insufficient, so that the want might have been supplied, a failure to demur would have precluded the objection of insufficiency now being raised. But the objection here goes much further than in either of the instances mentioned. Unlike the case of *Corey v. Sherman, supra,* it is obvious that this proceeding could not have been maintained in any forum; that this is not a case in which some facts are wanting to warrant the court's action. The claim made here, and justly so, is that no state of facts would warrant the district court in interfering with properly conducted proceedings by a municipality to vacate a street. An absolute want of power is urged, and this may be set up for the first time in this court. *Groves v. Richmond*, 53 Iowa, 570; *Manufacturing Co. v. Harrington*, 53 Iowa, 380. The power to vacate streets and highways is expressly given to cities and towns. Code 1873, section 464. *Gray v. Land Co.*, 26 Iowa, 387; *Barr v. Oskaloosa*, 45 Iowa, 275; *City of Marshalltown v. Forney*, 61

Iowa, 578; *Dempsey v. City of Burlington*, 66 Iowa, 687; *Williams v. Carey*, 73 Iowa, 194. The only right that a property owner has under issues like those at bar is to insist that the proceedings be regularly conducted, and, for this, the proper method is by *certiorari*]

In view of the conflicting language of some of our decisions, it may be well to say something further as to the authority of the courts in cases of this character. We understand the general assembly has plenary power over streets, and may vacate or discontinue the public easement in them, and may invest municipal corporations with this authority. 2 Dillon, Municipal Corporations, section 666, and cases cited; *Gray v. Land Co., supra; Paul v. Carver*, 24 Pa. St., 207; *Kimball v. Kenosha*, 4 Wis. 321. In this state, a distinction, though not so expressly declared, seems to have been taken between streets and public grounds like squares. We refer to what is said in *Warren v. Mayor of Lyons City*, 22 Iowa, 351. The statements in this opinion seem to be questioned by Judge Dillon. 2 Dillon, Municipal Corporations, section 651, and note. But whether there is any well-founded distinction or not between streets and other dedicated grounds, it is established in this state, as elsewhere, that under authority from the general assembly the municipalities have power to vacate streets. In some states, where the matter is regulated by statute, equity will interfere. But in those jurisdictions where the statutes are similar to ours the parties are left to their remedy at law. *Lindsay v. City of Omaha*, 30 Neb. 312 (46 N. W. Rep. 627). A careful examination of the cases in this state usually relied upon to sustain the jurisdiction of equity, to control the acts of municipalities in matters of this kind, will disclose that they are not in point. In *Warren v. Mayor of Lyons City, supra*, and in *Cook v. Burlington*, 30 Iowa, 94, the question as to the right of the city to vacate

the grounds in dispute was not in issue. The only matter involved was whether the city had a right to dispose of the property by lease or sale. *City of Dubuque v. Maloney*, 9 Iowa, 450, was an action for damages by the city against a lot owner on account of an injury done the street. *Yost v. Leonard*, 34 Iowa, 9, and *Fisher v. Beard*, 32 Iowa, 346, were both cases in which it was sought to restrain an individual who had platted an addition, and sold lots abutting upon streets shown on the plat, from vacating the streets without the consent of the lot owners. In *Moffit v. Brainard*, 92 Iowa, 122, the gist of the complaint was a want of power in the board of supervisors. In attempting to vacate a highway, the board had not taken the necessary steps to acquire jurisdiction. The action was brought to enjoin the obstruction of the highway. In such a case equity always has jurisdiction. Of like character with *Moffit v. Brainard* are the various cases cited in that opinion. The rule, as we understand it, is that, whenever a want of power is urged a court of equity may act; when the power is conceded, but the manner of its exercise is sought to be controlled, the remedy is at law, through proceedings by *certiorari*. If it should be said that this power may be abused if not held subject to control by the courts, we might respond, as the court did in *Paul v. Carver, supra*: "It is true, there is much property in the commonwealth, whose principal value would be taken away by closing the avenues which lead to it, and we are warned that, if we do not declare it unconstitutional, an act may be passed to vacate Chestnut street. If the possible abuse of power were sufficient to prove that the legislature cannot have it, then this would also prove that it does not exist at all; and this would bring us to the absurd conclusion that there is no authority anywhere in the state to vacate a useless road, and substitute a better one in its place." What we

have said must be understood as applying only to cases like that under consideration. We do not mean to hold that a charge of fraud or bad faith on the part of the municipal authorities might not make a case of equitable cognizance. Nor do we wish it thought that any opinion is here expressed as to the right of an owner to damages, whose property abuts immediately upon the discontinued portion of a highway. Neither of these questions is in this case; and upon the latter, in view of a former decision of this court, we think some conflict of authority may be found. The decree of the trial court will be REVERSED.