REILLY vs. THE CITY OF RACINE.

*March 4 — March 24, 1881.*

PUBLIC STREETS: DEDICATION: ACCEPTANCE: ABANDONMENT. *(1) What entry and possession not adverse to public. (2) Dedication by state is also acceptance by public. (3-5) Abandonment by non-user. (5) Court and jury: Burden of proof.*
CHARTER OF RACINE. *(6) Ordinance void, because not approved by mayor.*

1. Where the owner of two blocks of land in a city plat, separated only by a strip of land designated on the plat as a public street, enters upon and encloses the whole body of his land, including such street, claiming title to the latter only on the ground that he acquired the fee thereof by his purchase of the adjoining blocks, such entry and the possession founded thereon are *not adverse* to the rights of the public.
2. Where the *state*, by authority of law, makes a city plat of its own land, and thereby dedicates to the public use the streets and other public grounds marked thereon, that act is itself an acceptance by the public.
3. A *non-user* for eight years of land dedicated to and fully accepted by the public as a street, is not an abandonment of the street.
4. Until the time arrives when a street or part of a street is required for actual public use, and when the public authorities may properly be called upon to open it for such use, no mere *non-user*, however long continued, will operate as an abandonment of it, and all persons in possession of it will be presumed to hold subject to the paramount right of the public.
5. The question whether there was negligence and unreasonable delay of the

public authorities in regard to opening a public street, *after* the time when they might properly have been called upon to open it, is a question of fact, to be determined upon evidence; and the burden of proof is upon the party who alleges an abandonment through such negligence and delay.

6. Under the charter of the defendant city, an ordinance passed in 1869 by the common council to vacate part of a public street in said city, was *void*-because not approved by the mayor.

APPEAL from the Circuit Court for *Racine* County.

Action for an injunction. Plaintiff appealed from a judgment dismissing the complaint. The case is stated in the opinion.

For the appellant there was a brief by *Wm. C. White*, and oral argument by *C. J. Reilly.*

*John B. Winslow*, for the respondent.

Orton, J. In 1849 the state of Wisconsin, by its proper agencies, laid out and platted, according to the statute, on the sixteenth or school section, the school-section addition to the city of Racine; and on said plat was marked, like the other streets on the same, *Racine* street, lying between blocks 67 and 68. Afterwards, in the same year, the state sold to one David L. Barton, under whom the plaintiff claims title, these two blocks. It is claimed by the appellant, and assumed to be true, that no possession or occupancy of the part of the street lying between these two blocks had been taken by the plaintiff, or those under whom he claims title to the blocks, until 1857, and that, then and since, they or some of them fenced it up with the blocks, and in 1863 planted upon such part of the street fruit trees, and since then built thereon certain buildings, and have had continuous possession of the same ever since, and that that part of the street has never been opened, worked or used until the action of the city authorities complained of. Many of the streets on this plat have been opened, improved and used from time to time, as their use was necessary to the public; and nearly all of Racine street has been so opened, im-

proved and used, except that part between these two blocks. The city authorities, from the time of the original platting, have made maps and exercised supervision of this addition, and opened the streets of the same when necessary, the same as on the main city plat.

This complaint is to enjoin the city authorities from opening that part of Racine street between the two blocks now belonging to the plaintiff, and is predicated upon the following grounds: *first*, that there has never been any *acceptance* by the public, or on behalf or for the use of the public, of Racine street, and especially of this portion of it, until the plaintiff's right to the *locus in quo* had been acquired by an adverse possession of twenty years; *second*, that this portion of Racine street had been vacated by the city. The learned and eminent counsel and party plaintiff has furnished this court with a very able brief upon, and most ably argued, many questions which do not appear to be in the case as made by the complaint, such as the statute of limitations, *non-user* and equitable estoppel. But, as we view the case, they may as well be included with the ground stated in the complaint of adverse possession, as they are alike affected by the principle upon which such adverse possession fails to be the foundation of any right in the plaintiff. The complaint fails to state the most important facts which constitute adverse possession, viz.: that the possession, though quiet, peaceable and continuous, was *adverse*, or that the entry or possession was under color or claim of title. *Whitney v. Powell*, 1 Chand., 52; *Edgerton v. Bird*, 6 Wis., 527; *Pepper v. O'Dowd*, 39 Wis., 538; *Wilson v. Henry*, 40 Wis., 594. But as this question was presented and argued, it may be proper to say that there was no proof of these essential facts. On the other hand, the only claim of the plaintiff to this portion of the street is predicated upon the fact that the plat was regularly laid out and established, and that the plaintiff thereby became the owner of the fee of the street, subject to the public easement, and by being the owner of the two

opposite and adjacent blocks, which is a concession of the public easement, and that the entry upon the street, in the first place, to the exclusion of the public, was wrongful.

But it is claimed that the public use had been abandoned and lost by *non-user*. Not so, however, when the entry was first made in 1857; for there is no pretense that a *non-user* of a street, dedicated to the public use and fully accepted by or on behalf of the public, for only eight years, constitutes an abandonment of it. But it is claimed that since 1857 there has been such *non-user* for over twenty years before the disturbance complained of.

The first question presented is, Had there ever been an acceptance, before the recent action of the city, of the dedication of this street, or this part of the street, by the public or on behalf of the public? Where such dedication by a recorded plat or otherwise is made by a private owner of the land, it may be that an acceptance of such dedication by the public, or a *user* by the public, or an acceptance by some competent public authority for and on behalf of the public, is necessary. But where the *state*, by authority of law, makes a city plat of its own land, and thereby dedicates the streets and other public grounds marked thereon to the public use, the same high public authority that makes the dedication, by the same act accepts it on behalf of the public. The dedication and its acceptance are in the same public act. The proposition is self-evident. This question disposed of, then all of the stated or assumed grounds of this action, except the vacation of this part of the street — adverse possession, statutory limitation, *non-user* and equitable estoppel, — are disposed of by the assertion of one principle, sound in reason as well as in law, and supported by the best authority, viz.: Until the time arrives when any street or part of a street is required for actual public use, and when the public authorities may be properly called upon to open it for the public use, no mere *non-user*, of any length of time, will operate as an abandonment of it, and all

persons in possession of it will be presumed to hold subject to the paramount right of the public. This principle is fully recognized and applied in the two following cases, closely analogous in their facts to this case: *Town of Derby v. Alling*, 40 Conn., 410; *Henshaw v. Hunting*, 1 Gray, 210. If this principle is a sound one in relation to the plats of cities and villages in the old states of Connecticut and Massachusetts, it is especially well-grounded in reason in its application to the plats of western cities and villages, which must have a chance of growth commensurate with the public necessity, which will not be lost by mere lapse of time within the above rule.

This principle, however, is associated with another one, equally reasonable and supported by the same authority, viz.: After such time arrives when the public use requires it, and the public authorities may be properly called upon to open a street or part of a street to the public use, then negligence and unreasonable delay in opening the same may work an abandonment of it by *non-user*. The questions of such public necessity, negligence and delay, in any given case, are questions of fact, to be determined on evidence. In this case, there being no evidence on the subject, the authorities of the city of Racine must be presumed to have taken measures to open this part of Racine street as soon as there was a reasonable necessity for its public use, and as soon as they could properly be called upon to do so.

The only remaining question is that of the alleged *vacation* of this part of Racine street by the ordinance of the city council of the city of Racine, passed April 5, 1869, and set out in the complaint. It is sufficient to say of this ordinance that the charter of said city provides that "no ordinance or legislative resolution passed by the city council *shall be of any validity unless approved by the mayor* within three days after the passage thereof." It is not pretended that this ordinance had such approval, and therefore it has no *validity*.

The vacation of streets, when it may be supposed that private as well as public rights will be more or less affected by such vacation, is a high power vested in the city councils of cities, and all the proceedings to that end must strictly comply with the law that confers it. *Kimball v. Kenosha*, 4 Wis., 321; *Gray v. Iowa Land Co.*, 26 Iowa, 387. The approval of the mayor, required by the charter, of an ordinance, is not a mere formality. It is the exercise of judgment, and can no more be dispensed with than the passage of the ordinance by the vote of the council. *State ex rel. Martin v. Doyle*, 38 Wis., 92. .

For aught that appears in this case, the plaintiff has acquired no right to the *locus in quo*, and the public has lost no right to its use as a part of one of the streets of the city of Racine.

*By the Court.*— The judgment of the circuit court is affirmed.