THE STATE, Respondent, vs. HOGUE, Appellant.

*March 5 — March 27, 1888.*

CONSTITUTIONAL LAW: HIGHWAYS. *(1) Notice of .meeting to locate state road under special act: When general law applies. (2) Oath of commissioners. (3) Bridges. (4) Width of highway. (5) Compensation for property taken.*

1. The fact that a special act for the laying out of a state road makes no provision for giving notice to resident owners of the time and place of meeting of the commissioners to locate the road, does not invalidate the act, as in such case the provisions of the Revised Statutes apply and regulate the manner of giving notice.

2. Nor is such an act invalidated by the failure to provide therein that the commissioners shall take an oath before entering upon the discharge of their duties, the legislature having power to exempt "inferior officers" from taking an oath.

3. A special act for the laying out of a state road which will cross a navigable river need not make any provision for building a bridge.

4. The report of commissioners appointed to lay out a highway failed to state the width of the highway, but the survey showed the centre line thereof. *Held,* that this was sufficiently definite under sec. 1264, R. S., which provides that all public highways shall be not less than four rods wide.

5. Sec. 1315, R. S., provides that all damages occasioned by laying out a state road shall be paid by the several counties in which it may be located, and that every person claiming such damages shall present his claim to the county board, and in case it is disallowed may appeal to the circuit court. Ch. 223, Laws of 1882, gave to the commissioners appointed therein the same power as to awarding damages as is conferred by law upon the county board. *Held,* that this was a sufficient provision for compensation for the property taken.

APPEAL from the Circuit Court for *Pepin* County.

Action to recover the statutory penalty for obstruction of a highway. Under the pleadings the issue was as to the existence of a highway at the point of obstruction, and this involved the validity of ch. 223, Laws of 1882, and the legality of the proceedings taken by the commissioners under

that act. Said ch. 223 is entitled "An act to provide for laying out a state road from the village of Misha Mokwa in the county of Buffalo, to the village of Pepin in the county of Pepin." Its provisions will sufficiently appear from the opinion.

The court directed a verdict for the plaintiff, and from the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *W. F. Bailey* and *C. M. Hilliard*, and oral argument by *Mr. Bailey*. They contended that ch. 223, Laws of 1882, is unconstitutional for the following reasons, among others: (1) It does not provide for giving notice. It should specify a personal notice to known resident owners, of the time and place of meeting to locate the road. *State ex rel. Flint v. Fond du Lac*, 42 Wis. 298; *Siefert v. Brooks*, 34 Wis. 443. It should provide for notice to the owners of the time and place of meeting for the assessment of damages. *Siefert v. Brooks*, 34 Wis. 443; *Powers v. Bears*, 12 id. 223; *Burns v. M. R. Co.* 15 Fed. Rep. 177; *In re Middletown*, 82 N. Y. 201; *Stuart v. Palmer*, 74 id. 183; *Beckwith v. Beckwith*, 22 Ohio St. 188. (2) It does not provide for compensation. It does not provide for ascertaining the damages before appropriation. *Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105; *Norton v. Peck*, 3 id. 714; *Powers v. Bears*, 12 id. 214; *Brock v. Hislen*, 40 id. 681. There is no provision for review of or appeal from the award of the commissioners, being a denial of the right to have the damages assessed by a jury. *Charles River Bridge v. Warren Bridge*, 11 Pet. 571. The award is not binding on the county. The right to sue is not compensation. Mills on Em. Dom. sec. 132; *Shepardson v. M. & B. R. Co.* 6 Wis. 614; *Norton v. Peck*, 3 id. 714. There is no provision for payment of the award, or fund provided in the hands of the commissioners to pay it from. An act almost similar in its provisions was held unconstitutional in *Langford v. Ramsey Co.* 16 Minn. 375.

The provisions of the act of 1882 are so dissimilar in all respects to the provisions of the Revised Statutes upon the subject that it was clearly the intent of the legislature that the authority of the commissioners was embraced in the act, and that it was complete and exclusive — independent of the general law. *Pettibone v. La C. & M. R. Co.* 14 Wis. 443; 2 Dillon on Mun. Corp. 613, 615, note 4.

For the respondent there was a brief by *John Fraser* and *W. P. Bartlett,* and oral argument by *Mr. Bartlett.*

COLE, C. J. It is evident this judgment must be affirmed if ch. 223, Laws of 1882, is a valid enactment. So, the principal question to be considered is the constitutionality of that law. The act appoints a board of commissioners to lay out and establish a state road from the village of Misha Mokwa in the county of Buffalo, on the most feasible route to the village of Pepin in the county of Pepin. It gives the commissioners the same powers as are conferred by the general statute on county boards of supervisors, to award damages and settle with any parties who may feel aggrieved or sustain damages by the laying out and establishing the road; and it makes it the duty of the commissioners, within thirty days after they have laid out the road or such part thereof as in their opinion the public good requires,— but the same, in any event, must extend into both counties,— to cause to be filed in the office of the town and county clerks of the counties through or into which the road extends, a correct copy of the field-notes and plat of the survey thereof; and the act declares that on and after the filing of the said copy of the field-notes and plat of survey by the commissioners the road shall be a public highway and be deemed to be opened and established as a public highway. The other section of the act relates to the compensation of the commissioners, but has no bearing upon the question as to the validity of the law.

Before proceeding to notice the objections taken to the act, it may be well to call attention to a remark made by Mr. Justice TAYLOR, in *Jensen v. Polk Co.* 47 Wis. 298, as to the power of the legislature to enact laws of this character. He says: "That the legislature has the power to appoint commissioners to lay out and establish state roads can only be questioned on the ground that it is prohibited from so doing by some positive provision of the constitution. Unless the power is taken away, it is clearly a legislative power, and can be exercised by the legislature. The power has been exercised by the territorial legislature during the existence of the territory, and by almost every legislature since the formation of the state. By the amendment of the constitution made in 1871, the power of the legislature is clearly recognized by limiting its exercise to certain specified cases. The language of the amendment, so far as it relates to this question, is as follows: 'The legislature is prohibited from enacting any special or private law . . . for laying out, opening, or altering highways, except in cases of state roads extending into more than one county.' This amendment of the constitution is a clear declaration that the power to pass acts for laying out, establishing, and opening state roads is a legislative power; and that part of the amendment was adopted for the express purpose of restraining and limiting the power previously exercised by the legislature."

There are a number of objections taken to the constitutionality of ch. 223, by the learned counsel for the defendant. He says truly that the law makes no provision for giving notice to the resident owners of the time and place of the meeting of the commissioners to locate the road. This he insists is a fatal defect, which invalidates the act. To this objection it is answered that as the special law is silent as to the giving of notice, the provisions of the general statute apply and regulate the manner of giving notice. It

seems to us that this is a sufficient answer to the objection. Resort is often had to a general provision as a guide and aid in the exercise of a special authority or jurisdiction over a particular subject, and we think such reference must be had here. Illustrations of the justness of this view will occur to any one on a moment's reflection. The Revised Statutes of 1878 contain provisions for laying out state roads where it is not otherwise specially provided by law. Sec. 1312 *et seq.* Provision is made for posting copies of the special law under which the commissioners act, and for giving notice of the time and place when they will meet to locate the road. The general statute is full and explicit on this point, and makes ample provision for giving notice to all affected by the proposed highway. In this case the commissioners complied with sec. 1313, and gave the notice therein prescribed. That must be held sufficient as to notice.

But, again, it is objected that the law fails to provide that the commissioners should take an oath before entering upon the discharge of their duties. As a matter of fact it appears that the commissioners did take the oath prescribed by sec. 28, art. IV, of the constitution, to be taken by members of the legislature and other officers. But the general law makes no provision for the commissioners taking an oath, and the legislature doubtless had power to exempt them from the necessity of taking an oath in laying out a state road. The section of the constitution just referred to gives the legislature power to exempt " inferior officers " from taking an oath. The case of *Lumsden v. Milwaukee*, 8 Wis. 485, and *Bohlman v. G. B. & M. R. Co.* 40 Wis. 158, upon which counsel relies, have no application to this case. In the former case, where the constitution had provided that no municipal corporation shall take private property for public use against the consent of the owner without the necessity thereof being first established by a jury, it was held

that the jury must first be sworn before determining such necessity. In the *Bohlman Case*, the general law required the commissioners to take the constitutional oath, and it was held that this was imperative, and that the commissioners had no right to act without taking it. The distinction between those cases and the one before us, where the legislature has seen fit to exempt the commissioners from taking an oath, is too obvious to need comment.

The road crosses a navigable river, and it is objected that the law makes no provision for building a bridge over the stream, so as to render the highway continuous. The special law certainly makes no provision for constructing or working the highway so as to render it fit for public travel, but the expense of opening it, of erecting bridges where necessary, would fall upon the towns, and in some cases partly upon the counties, in which it is located. The general law fully regulates these matters.

Further, it is said the return of the commissioners fails to state the width of the highway laid out. The survey shows the center of the highway as laid, and the general statute applies which prescribes that all public highways shall be not less than four rods wide. Sec. 1264, R. S. This is sufficiently definite as to the width of the highway.

The last objection is that the law fails to provide compensation for the property taken for the highway. The commissioners had the same power as to awarding damages for land taken as is conferred by law upon the county board of supervisors. When the county board lays out a highway and is unable to agree with the owner as to the damages, it assesses such damages for every parcel taken, which are to be paid by the town in which the highway is situated, or by such town and any other town or towns, in such proportion as the county board shall direct at the time of making the order laying out the highway, when the county board deem such other towns benefited thereby. Sec. 1303, R. S.

In respect to state roads, the general statute provides that all damages occasioned by laying them out and opening them shall be paid by the several counties in which the same may be located; and every person claiming any such damages shall present his claim therefor to the county board of the county in which his lands are situated; and such board is required to act upon such claims and allow the same or such part thereof as they shall deem just; and any person whose claim is disallowed in whole or in part may appeal to the circuit court as in other cases. Sec. 1315. So it will be seen that as to the amount of compensation the owner is not bound by the award of the commissioners, but may appeal to the circuit court when the county board fails to allow him what he deems just and equitable for his property taken. In the circuit court, of course, he has a judicial determination of the question as to compensation by a jury trial, which assesses his damages. But it is said that this is not making compensation to the owner for his land appropriated for public use, but is giving him a lawsuit to determine the compensation. In this state the law is firmly established that "where the property is taken for public use by a town or municipal corporation which is made liable to the owner for any damage sustained by reason thereof, the taxable property of such town or municipality constitutes a pledge or fund to which the owner may resort for payment in the manner prescribed with absolute certainty and safety, and that the providing of such a method of enforcing payment out of such a pledge or fund is the making of just compensation for the property taken, within the meaning of the constitution." *Smeaton v. Martin*, 57 Wis. 364. In the case of the taking of private property for public use by a private corporation, a distinction is made and a different rule obtains. But where the land is taken by a town or municipality for public use, the fact that the entire taxable property of the town or municipality is liable for

its payment, and to which the owner may resort to enforce such payment, relieves the town or municipality from the necessity of making actual prepayment before appropriating the land to the use of the public. The highway law, and perhaps other laws found in the Revision or Session Laws, go upon that theory as to compensation, and they have been deemed valid in that regard since the early decision of *Norton v. Peck* (in 1854), 3 Wis. 714.

This disposes of all the material objections to ch. 223, Laws of 1882.

*By the Court.*— The judgment of the circuit court is affirmed.