Nicolai vs. Davis and others.

Nicolai, Appellant, vs. Davis and others, Respondents.

*October 25 — November 8, 1895.*

*Highways: Encroachments: Removal: Prescription: Evidence: Certified copies.*

1. Under sec. 1298, R. S., a certified copy of an order laying out a highway is admissible in evidence.

2. An objection to the admission of a certified copy in evidence on the ground that the original should be produced is insufficient to raise a question as to the form of the certificate.

3. Encroachment upon a highway for many years will not bar the legal right of the town to open the road to its full width as originally surveyed and laid out.

4. The opinion of a witness as to the necessity of straightening a highway by removing an encroachment is not admissible in an action to enjoin such removal.

5. The town authorities having a right to remove an encroachment from a highway without any petition therefor, it is immaterial whether the signers of such a petition were taxpayers or not.

Appeal from a judgment of the circuit court for Waukesha county: A. Scott Sloan, Circuit Judge. *Affirmed.*

The plaintiff is the owner and in possession of 200 acres of land in the town of Vernon, Waukesha county, and resides thereon. Said land is bounded on the north by a quarter section line of section 14. Lying on the north side of said land is a public highway, which was, by order of the proper officers of said town, bearing date December 7, 1847, duly laid out three rods wide upon said line. One and one-half rods of said highway was south of said quarter section line and on the plaintiff's said land, and the balance thereof was north of said line. The order laying out said highway was duly recorded in the office of the town clerk. The highway was not so opened and traveled exactly upon said quarter section line.

On August 28, 1893, a large number of the citizens of said town petitioned the town board to remove the plaintiff's

fences, etc., as encroachments upon said highway so laid out. The said board thereupon caused a survey of the said highway to be made, and thereupon gave the plaintiff notice to remove all obstructions standing within said three-rod limit of said highway, within a time therein named. The defendants, as officers and agents of the town, did remove a portion of the plaintiff's fences so encroaching upon said highway. Thereupon and on November 23, 1893, the plaintiff commenced this action to remove said fence now standing upon the middle of the traveled portion of said highway, and restore said highway to its former condition of usefulness for the purposes of public travel, and that the defendants be perpetually enjoined from removing plaintiff's fence along the north side of said land, and from appropriating, using, and converting said strip of land situated on the south half of said highway as and for a public highway, and from injuring, destroying, or removing the grass, shrubbery, trees, and flower beds situated upon said strip of land, and from changing or altering said highway as it had previously and for a long time existed. The defendants answered by way of admissions and denials, and justified, as officers and agents of the town, the proposed opening of such highway as originally laid out.

Upon the trial of said cause the court found in effect the facts as stated, and that the present traveled track along said highway is all within the original three rods as described in the order laying out said highway with the exception of a very short distance that the public varied said highway outside of said three rods for the convenience of travel and for the purpose of escaping a small hollow or ravine which appears to be in the center of said original three rods; that the plaintiff's fence, along in front of his house, stands in the highway, and that the defendants were authorized in directing and ordering the said plaintiff to remove his said fence from the highway, as the same was an

obstruction in said highway and unlawfully there; that the defendants did nothing in connection with said highway other than what they were authorized to do under the laws of this state.  As conclusions of law, the court found that the plaintiff is not entitled to the relief prayed for in his complaint, and that this action should be dismissed, with costs.  From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *Lindley Collins*, attorney, and *Christian Doerfler*, counsel, and oral argument by *Mr. Collins*.

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

CASSODAY, C. J.   There was no error in admitting in evidence the certified copy of the order laying out the road in 1847.   There was no objection to the form in which such copy was certified; but the objection was to any certified copy, on the ground that counsel wanted the original.   Besides, the town clerk was subsequently sworn, and without objection testified to the effect that he was then such clerk, and as such had custody of the records of the town, and, referring to such copy, said: " This is a certified copy of the original order.  I took the copy of this order from the original.  *The original record is here.*  . . .  The mark at the bottom of this *in the book,* ' True copy,' is the same on the certified copy."   The language is unmistakable, and to the effect that the certified copy was taken. from the original. If there was any objection to the form in which the copy was certified, it should have been specifically pointed out,. so that the original, then present, could have been put in evidence.

Ever since 1868, that order has been "presumptive evidence of the facts therein stated, and of the regularity of all the proceedings prior to the making of such order."   R. S. sec. 1298;

*Williams v. Giblin*, 86 Wis. 149. Such presumption was not overcome by evidence. This highway appears to have been opened, worked, and traveled, substantially on the line on which it was so laid out, for more than forty-five years prior to this controversy. The mere fact that the plaintiff had for many years encroached upon the road by putting a portion of his fences in the road, and otherwise, did not bar the town from the legal right of having the road at any time opened to its full width as originally surveyed and laid out. *Welsh v. Argyle*, 85 Wis. 307; *Childs v. Nelson*, 69 Wis. 125; *Reilly v. Racine*, 51 Wis. 526.

There was no error in excluding the opinion of a witness as to the necessity of straightening out the road at the point in question. The question involved was the legal right of the town to have the road so straightened, and not the necessity of doing it. Besides, it does not seem to have been a subject for expert testimony.

There was no error in excluding testimony as to whether the signers of the petition for removing such encroachments were taxpayers. As stated by the trial court, the town officials had the legal right to make such removal without such petition.

The findings seem to be fully sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.

Rights acquired against the public by adverse possession of a highway or street are the subject of a note to *Mayer v. Graham* (33 Neb. 566) in 18 L. R. A. 146.— REP.