Quint, Respondent, vs. City of Merrill, Appellant.

*November 27, 1899 — February 2, 1900.*

*Municipal corporations: Ordinances: Evidence of regularity of adoption: Amendment of charter: Publication of notice: Amendment of pleading: Prejudicial error.*

1. A book, the title page of which read "Charter of the City of Merrill, Lincoln County, Wis., 1894," containing a series of ordinances, but no declaration in or upon, and as a part of, it that its publication was by reason of some competent authority, is not, under sec. 4137,

Stats. 1898, conclusive evidence of the regularity of the adoption and publication of an ordinance attempting to amend the city charter by adopting parts of ch. 326, Laws of 1889.

2. Where notice of a proposed adoption of parts of the general city charter law (ch. 326, Laws of 1889, as amended by sec. 72, ch. 312, Laws of 1893) — providing that notice of the time when an ordinance, proposing to adopt a part thereof, will be considered shall be published once a week for three successive weeks, before action thereon by the common council — was published less than three weeks before the day specified therein, the proposed ordinance, when adopted, wholly fails to effect an amendment to the city charter.

3. Error, if any, in allowing an amendment to the *ad damnum* clause of the complaint in an action against a city to an amount greater than the claim presented to the city council, is not prejudicial, where the verdict and judgment are for less than the amount of the claim presented.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Action for personal injuries, the defense being that suit could not be maintained because by adoption of secs. 58 and 59 of the general city charter (ch. 326, Laws of 1889) plaintiff was confined to procedure by appeal from disallowance by the common council. The validity of the attempted adoption of those portions of the general city charter was assailed. It appeared without dispute that an ordinance to that effect was introduced and passed, but that the publication of said ordinance, accompanied by notice of its consideration, was not had for three successive weeks prior thereto. The defendant offered as evidence of such ordinance a book, the title page of which read, "Charter of the City of *Merrill*, Lincoln County, Wis., 1894," which was followed by a page headed, "Report of Committee," and reading: "To the Honorable Mayor and Common Council of the City of *Merrill*, Wisconsin — Gentlemen: We, the committee appointed by your honorable body to revise and reprint the city charter of the city of *Merrill*, beg leave to submit the

following volume as the result of our labors. . . ." This was followed by an explanatory statement to the effect that, portions of the general charter having been adopted by ordinance, those portions were included in the charter as so reprinted, being designated by parentheses, retaining original section numbers of the charter. That report is dated June 1, 1894, and signed by a committee. It is followed by a table of contents, first of the charter, and then of seventy-four ordinances. That in turn is followed by the city charter as it was deemed by the committee to exist after amendment by adoption of portions of the general city charter, and that is followed by a series of ordinances numbered from one to seventy-four, most of them printed in full; but ordinance No. 52, whereby it was claimed the amendment of the charter was accomplished, is not printed in full, but in its place is a condensed statement of its effect, by reference to the sections of the charter amended thereby. The court held that this book was not conclusive evidence of the regularity of the publication of the ordinance in question. Defendant requested direction of a verdict, which was denied, and, after verdict for $1,500, moved for a new trial upon the grounds, amongst others, that the court had no jurisdiction of the action, should have dismissed the same, and should have directed a verdict. From judgment on the verdict, the defendant appeals.

*M. C. Porter*, city attorney, for the appellant.

For the respondent there was a brief by *Van Hecke & Smart*, and oral argument by *E. M. Smart*.

Dodge, J. 1. In the view the court has taken of this case, the primary and only question needing to be considered is whether the book offered in evidence was conclusive of the regularity of the adoption and publication of the ordinance attempting to amend the city charter. Sec. 4137, Stats. 1898, provides: " Copies of the ordinances, by-laws, resolutions and

regulations of any city or village in this state, printed in any newspaper, book, pamphlet or other form and purporting to be published by authority of the proper common council or village board shall, to a like extent, be admitted as presumptive evidence thereof; and from and after three years from the date of the compilation and publication of such book or pamphlet shall be conclusive evidence of the regularity of the adoption and publication thereof." We agree with the court below in the conclusion that the book in question nowhere purports to be published by authority. It may not be necessary to decide exactly what will suffice to meet this call of the statute, but certainly there is necessary some declaration in or upon, and as a part of, the book or pamphlet, that its publication is by reason of some competent authority. An illustration exists in our own revised statutes, which declare upon their title page that they are "Printed and Published Pursuant to Chapter 306, Laws of 1895, and Chapter 379, Laws of 1897." The Session Laws contain upon the title page, after the declaration that they are the laws of Wisconsin, the words, "Published by Authority."

Stress is laid by appellant upon the committee report printed in said book, the material part of which is quoted in the foregoing statement of facts. A careful reading of that report seems to refute, rather than assert, authority in the committee to publish. The direction to "revise and reprint," and to submit by a report the result of those labors, conveys the idea that the authority was only to take steps preliminary to publication, and that up to the time of such report the city council had reserved to itself the decision whether the "result of the labors" of the committee should be approved and adopted, and should be published. A more conclusive answer to the efficacy of this report to purport an authority for publication of a book of ordinances is that the authority there claimed relates only to the charter. Authority even to reprint and publish the charter is not an

:authority to publish a book containing the ordinances, and ·one that shows itself to be under the former authority does · not, as to ordinances that may be printed therein, purport to be published by authority. The book therefore failing to establish conclusively the regularity of the ordinance, the question of its validity was open; and as it was fully proved that the notice of its proposed adoption was published less than three weeks before the day specified therein, and, indeed, less than three weeks before its adoption in fact, the :ordinance wholly failed of effect to amend the former charter. Sec. 72, ch. 312, Laws of 1893. That remains unchanged, and offers no obstacle to the maintenance of this action. Another ·ordinance (No. 67) is suggested by appellant, but that ordinance was never published at all before its passage, and is quite as ineffective as ordinance No. 52.

2. The error, if any, in allowing amendment of the *ad* *damnum* to an amount greater than the claim or bill pre-:sented by plaintiff to the council, was not prejudicial, for the ·verdict and judgment were for less than the amount of that ,bill. *Conrad v. Ellington*, 104 Wis. 367.

*By the Court.*— Judgment affirmed.