OLWELL, Respondent, vs. TRAVIS and others, Appellants.

*October 9—October 26, 1909.*

*Highways: Establishment: Statutory proceedings: Presumptions from lapse of time: Ancient survey: Width: Change of limits: User: Deviation of travel: Costs: Discretion.*

1. A petition to the road commissioners in 1847 for the laying out of a highway was recorded in the town records, as was also a survey headed "Survey of a public road for the town of O.," definitely describing the line of the road throughout, and signed by the surveyor and the commissioners. These were the only records as to the highway, but the road was opened and traveled,

at least partially, upon the line described. *Held* that, in view of the lapse of time, the survey must be regarded as an ancient document; and all proceedings leading up to the making of such survey will be presumed to have been regularly taken pursuant to Laws of 1843, p. 46, §§ 1, 2. It will be presumed, therefore, that the petitioners were freeholders residing in the town, although the petition does not show that fact, and that an order laying out the road had been regularly made. KERWIN, MARSHALL, and TIMLIN, JJ., dissent.

2. The established width of public highways at the time in question and since having been four rods, the road will be deemed to have been laid out of that width, with the line described in the survey as its center.

3. The fact that at a certain point a highway was traveled on one side only of the center line thereof as shown by the survey, did not operate to change the limits of the road as laid out.

4. Slight deviation of travel from a highway as laid out, and the maintenance of fences at irregular distances from the center line, though continued for more than twenty years, did not result in abandonment of any part of the highway or in the acquirement of title by user to any land outside of its limits, where there had never been any attempt to have the fences placed on the true line, but mere passive acquiescence in their remaining where placed, and no dedication of land for the highway outside of its limits as laid out.

5. A ruling of the trial court withholding costs in an equitable action will not be disturbed on appeal unless there was an abuse of discretion.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff and respondent against the defendants as supervisors of the town of Oconomowoc, Waukesha county, Wisconsin, to enjoin and restrain them from interfering with plaintiff in constructing a fence along the east line of his premises, the defendants claiming that the plaintiff was placing his fence within the limits of the highway. The findings of fact and conclusions of law are in substance as follows:

That the defendants were the duly elected, qualified, and acting supervisors of the town of Oconomowoc, Waukesha county, Wisconsin; that the plaintiff is a resident of the town

of Oconomowoc and the owner of the east half of the northeast quarter of section 23 of said town of Oconomowoc; that on the 16th day of March, 1847, the commissioners of public highways duly caused to be surveyed and did lay out a public highway four rods wide running from the northwest corner of section 13 in said town of Oconomowoc, south along the section line between sections 13 and 14 to the quarter-post on the east line of section 23, which highway runs, among other places, directly north and south along the east line of plaintiff's land; that a correct survey of said highway as laid out was made by Surveyor Rollo Powerie; that said highway has been traveled by the general public for over twenty years west of the center line of said highway as laid out and to a width of one and one-half rods from the section line, except in one or two places where the travel slightly diverged; that fences have existed and been maintained for more than twenty years along the east line of plaintiff's premises and at irregular distances from the center of the highway as surveyed and laid out and outside of and west of the west line of the highway as the same was laid out; that there never has been any attempt to have the fences along said highway placed along the true line as surveyed, and there has been no dedication of any land for highway purposes outside and west of the lines of the highway as surveyed, there simply being a passive acquiescence in the fences remaining where they have been placed, and that the public has acquired no rights, by user or otherwise, in any of the lands of the plaintiff for highway purposes west of the lines of the highway as laid out; that the plaintiff in building his fences placed and erected the same inside the limits of the highway as laid out, and that the authorities of the town of Oconomowoc have asserted and claimed that said highway extends upon the plaintiff's land and west of the west line of said highway as laid out and as determined and fixed by the Rollo Powerie survey; that there is and has been a controversy between the plaintiff and the

authorities of said town as to the true location of the west line of the highway along the east side of plaintiff's premises; that plaintiff built his fence upon what he in good faith believed to be the west line of the highway and for the purpose of inclosing his premises so that they might be used for pasturage.

And as conclusions of law the court found that the highway in question was duly laid out by the highway commissioners March 16, 1847, of the width of four rods, and that the center line thereof is the section line on the east side of plaintiff's premises between sections 23 and 24 in said town as established by Rollo Powerie, surveyor, whose survey is a correct survey of such highway; that there has been no legal dedication to the public of any land outside of the limits of the highway as originally laid out, and the public has acquired no rights except within the limits of the highway as originally laid out; that the plaintiff had no right to build the fence in question at the place he started to build it, but that he has a legal right to construct a fence east of where the old fence stood and on the west line of a four-rod highway as the same has been determined by the Rollo Powerie survey; that the public has acquired no rights in plaintiff's premises between the old fence and the west line of a four-rod road as established by the Powerie survey, and that the defendants are without authority to interfere with plaintiff's use and enjoyment of the same; that judgment shall be entered permanently enjoining and restraining the supervisors of said town, their agents and servants, from interfering with the construction and erection of a fence on the west line of a four-rod highway, said west line being two rods west of the section line between sections 23 and 24 as determined by Rollo Powerie; and also restraining and enjoining any interference with plaintiff's use and enjoyment of his premises west of said highway line; and enjoining and restraining the plaintiff from building a fence on a line one and one-half

rods west of said section line; no costs to be awarded to either party against the other, and the defendants to pay the clerk's fees.

Judgment was rendered in accordance with the findings of fact and conclusions of law without costs, except that defendants pay the clerk's fees in the court below, from which judgment this appeal was taken.

  *Anthony B. Rogan,* attorney, and *C. E. Armin,* of counsel, for the appellants.

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan* and *M. A. Jacobson.*

KERWIN, J.   A great many errors are assigned by appellants upon exceptions to the findings of fact and conclusions of law, but as we understand them they may all be classified under four heads: (1) Was the highway legally laid out four rods wide?   (2) Is there sufficient competent evidence to support the findings as to the location of the section line between sections 23 and 24?   (3) Is the highway in question a highway by user?   And (4) should costs have been awarded to the defendants?   If we correctly understand the appellants' brief, the foregoing propositions cover the material contentions of the appellants.   After setting out the various assignments of error they state the controversy thus:

"The real questions litigated on the trial of this case in the court below were whether there was a highway by user, or whether said highway had been legally laid out and established by the road commissioners of the town of Oconomowoc, at the place where plaintiff erected his fence mentioned in his complaint, and whether or not plaintiff had a legal right to erect said fence where he did, and whether or not the defendants were justified in removing said fence in the manner in which they did."

1. It is first contended that the highway was not legally laid out, for the reason that the petition did not show that

the petitioners were freeholders residing in the town, and, further, that the survey is insufficient as an order laying out the highway, the petition and survey being the only records produced. It is the opinion of the court that after the lapse of time since the highway was laid out it must be presumed that the petitioners were freeholders residing in the town and the survey a sufficient order, under the rule laid down by this court in *Randall v. Rovelslad*, 105 Wis. 410, 81 N. W. 819. It seems that in finding a four-rod highway the court considered that the established width of public highways at the time the highway in question was surveyed was, and since has been, four rods, and that the line run by the surveyor should be the center of the highway. Terr. Laws of 1840, p. 33, No. 24, § 5. See, also, Laws of 1843, pp. 46–50, § 23; R. S. 1849, ch. 16, sec. 70; ch. 19, sec. 74, R. S. 1858; secs. 1264, 1294, Stats. (1898). So it seems the survey sufficiently described the width of the highway as four rods. *State v. Hogue,* 71 Wis. 384, 36 N. W. 860. The important question is whether the recording of the survey was sufficient evidence of the laying out of the road. It definitely described the line of the road throughout, and runs on the section line east of plaintiff's property between sections 13 and 14, 23 and 24. It is signed by the surveyor and the road commissioners, dated March 16, 1847, and is indorsed "Survey of Road." The survey begins by reciting, "Survey of a public road for the town of Oconomowoc," and then follows a ·description of the line from beginning to end. The petition to the road commissioners of the town to lay out the highway and the survey were recorded in the town records.

The road in *Randall v. Rovelstad, supra,* was opened by county commissioners under Terr. Stats. 1839, p. 107, sec. 4 of which provides for the appointment of viewers, and sec. 5 provides that said viewers, or a majority of them, shall view the route proposed, and, if deemed a public utility, shall lay out and mark such road on the best ground obtainable; and

·sec. 6 provides that the viewers, or a majority of them, shall make a certified copy of their proceedings to the ensuing session of the board, when the same shall be publicly read, and if no objection is made to such proposed highway the board shall cause a record thereof to be made and order the road to be opened and repaired a necessary width, not exceeding sixty-six feet. Under this law it was held in *Randall v. Rovelstad, supra,* that the filing of the survey at a date more than forty years anterior to the time of trial was sufficient ·evidence that a highway had been laid out. As we have seen, sec. 6, p. 107, Terr. Stats. 1839, provides merely that a record shall be made of the highway, but it does not require a copy of the order to be filed, nor does it require that the survey shall embrace a copy of the order, and it was therefore held that because of the great lapse of time a record of the survey ·describing the road was sufficient evidence that it had been laid out. In the case before us, obviously, a road was laid out, not by county commissioners under the Statutes of 1839, but by the town commissioners under the Laws of 1843, and, as will be seen, the proceedings were somewhat different. The law required a petition to be made to the commissioners ·of the town by six or more freeholders, and further provided that whenever the commissioners of highways shall lay out a road they shall cause a survey or description to be made of such road and shall incorporate such survey in an order to be signed by them and filed and recorded in the office of the town clerk, who shall note the time of receiving the same. Laws · of 1843, p. 46, §§ 1, 2. So it will be seen that under the. Laws of 1843 the commissioners of highway in towns were required, when they laid out a road, to incorporate the survey in an order laying out the same and file it with the clerk. So that in this regard this law differs from the law under which the road was laid out in *Randall v. Rovelstad, supra.* However, it is the opinion of the court, in view of the great lapse of time since the filing of the petition and survey in the

instant case and the fact that the road had been opened and traveled, at least partially, upon the line described in the survey, that the survey must be regarded as an ancient document and all proceedings leading up to the making of such survey presumed to have been regularly taken; that the statute (§§ 1, 2, Laws of 1843) contemplates that the road shall be first laid out before the survey is made, and, notwithstanding there was not a strict compliance with the statute in the recording of an order embracing a copy of the survey, that the order must have preceded the survey and have been in existence and regularly made at the time the survey was made and recorded, though not incorporated in the survey; that the statute (§ 2) to the effect that whenever the commissioners of highways shall lay out any road they shall cause a survey or description to be made of such road means that the laying out of the highway shall precede the survey, and that since the survey was made and filed it must be presumed that all anterior steps leading up to the making and filing of the survey were regularly taken. *Randall v. Rovelstad,* 105 Wis. 410, 81 N. W. 819. True, at the point in question on the section line between sections 23 and 24 the road was traveled on the west side of the section line only, but this would not operate to change the limits of the road as laid out. *Maire v. Kruse,* 85 Wis. 302, 55 N. W. 389; *Reilly v. Racine,* 51 Wis. 526, 8 N. W. 417; *Randall v. Rovelstad, supra.*

2. The next question is whether the evidence is sufficient to support the finding on the location of the section line between sections 23 and 24. The claim of the appellants would throw the line farther west upon the property of the plaintiff and thereby shift the highway farther west. This point was strenuously contested on both sides and several surveys made and a mass of evidence offered, and the court below in its findings found in favor of the respondent on this proposition and adopted what was known in the case as the

Rollo Powerie survey as the correct survey, and we think the finding is well supported by the evidence.

3. It is further contended by appellants that a highway by user was established over the land actually used west of the section line. The court below found upon sufficient evidence that the highway was traveled by the general public for over twenty years west of the center line of the highway as laid out and to a width of one and one-half rods from the section line, except in one or two places where the travel slightly diverged. This contention brings us again to the question whether the highway was legally laid out four rods. wide; and, this court holding in this case that it was, it is only called upon to further consider the effect of divergent travel along the general course of the highway for upwards. of twenty years. The argument of appellants under this head is that the only lawful highway existing is the one which has been actually used; and, as we understand their argument, they base it upon two grounds: First, that, there being no highway laid out, one could be acquired only by user; and second, that even if a lawful highway had been laid out it was abandoned by nonuser. The court has already disposed of the first proposition by holding that a highway was laid out. Upon the second proposition the court below found on ample evidence that fences have existed and been maintained for more than twenty years along the east line of plaintiff's premises and at irregular distances from the center of the highway as surveyed and laid out and outside and west of the west line of the highway as laid out, and that there never has been any attempt to have the fences placed along the true line as surveyed, and there has been no dedication of any land for highway purposes outside of the west line of the highway, there simply being a passive acquiescence in the fences remaining where they were placed, and that the public has acquired no right by user or otherwise in any of the lands of plaintiff west of the lines of the highway as laid out, and

that the plaintiff in building his fences erected the same inside of the limits of the highway as laid out and as such highway in fact existed. Upon the facts found by the court below under this head it is well settled in this state that there could be no abandonment of any portion of the highway laid out or any title by user acquired outside of the lines of the highway as laid out. *Randall v. Rovelstad*, 105 Wis. 410, 81 N. W. 819; *Nicolai v. Davis*, 91 Wis. 370, 64 N. W. 1001; *Reilly v. Racine*, 51 Wis. 526, 8 N. W. 417. Counsel for appellants rely on *State v. Lloyd*, 133 Wis. 468, 113 N. W. 964; but in that case it will be seen that, although a four-rod highway had been laid out, subsequently a new road upon a different line from that formerly laid out was opened and traveled by the public and acquiesced in by the owners of the land, so the rule of slight deviation from the highway as laid out had no application and was so held by the court in that case.

4. It is also contended by appellants that the court erred in not awarding costs to the appellants. The case being in equity, the matter of costs was in the discretion of the court, and since we find no abuse of discretion we cannot disturb the ruling below in that regard.

The writer desires to say in conclusion that it is the opinion of Justices MARSHALL, TIMLIN, and himself that the judgment should be reversed upon the ground that there is no evidence that the alleged highway was ever laid out, but the majority of the court think otherwise, as indicated in the opinion of the court; therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.