ROSENBERG and others, Respondents, vs. SHEAHAN and others, Appellants.

*November 17, 1911—January 30, 1912.*

*Evidence: Exclusion: Sufficiency of objections: Municipal ordinances: Proof.*

1. Where evidence is excluded upon a mere general objection, the ruling will be upheld on appeal if any ground in fact existed for the exclusion.   In the absence of any request by the opposing party or by the court to make the objection definite, it will be assumed that it was understood and that the ruling was placed upon the right ground.

2. Where evidence offered is manifestly improper the court may, in its discretion, exclude the same whether objected to or not.

3. Where evidence was not proper under any circumstances a general objection, though overruled, will be deemed to have been sufficient.

4. A printed booklet without authentication and having nothing to indicate that it was an official publication, which was offered to prove the existence of a municipal ordinance, might, if admitted as evidence, have been treated as of no probative force whatever, or might have been excluded even if no objections thereto were made; hence its exclusion under a general objection was not error.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action on contract to recover for a hoisting elevator installed for defendants. The plaintiffs' claim was that they furnished an elevator in accordance with their agreement to do so. Defendants answered, admitting that they contracted with plaintiffs for the elevator mentioned, but insisting that the contract was conditioned upon its having a carrying capacity of 2,000 pounds and being installed and put in operation satisfactory to them, which they wholly failed to do; that the elevator only had a carrying capacity of 1,000 pounds; that it was not satisfactorily installed in several respects, specified; and that they seasonably refused to accept it as installed, or at all, unless made to comply with the contract, which was not done.

There was evidence tending to support defendants' theory, also evidence tending to show that plaintiffs furnished a special machine according to agreement, and that, with some small exceptions requiring a small expenditure of money to remedy the matter, plaintiffs fully complied with the contract. The case was first tried in the civil court at Milwaukee, and plaintiff was allowed to recover for substantial performance; $9 being deducted to remedy imperfections.

On appeal to the circuit court the cause was heard on the record and judgment affirmed.

*F. H. Gugel,* for the appellants.

For the respondents the cause was submitted on the brief of *William Kaumheimer.*

The following opinion was filed December 5, 1911:

Marshall, J. A cause having been tried upon the record, and nothing appearing to the contrary, it must be presumed the trial court reached the conclusion complained of from such evidence as was deemed competent. Therefore, the judgment cannot be disturbed on appeal by assuming that evidence was rejected which was shown to have been objected to on the original trial, nor upon the ground that the appellate court should have rejected evidence which was subject thereto upon a particular, but which the court was not bound to reject upon a general, objection. Counsel for appellants insist that some evidence offered upon a material point and objected to generally, was admissible and should have been considered below, and be considered now because not objected to specially, even if on some particular ground it was excludable.

The evidence mentioned appertains to a claim that the elevator was installed under a contract which did not contemplate compliance with a regulation ordinance of the city of Milwaukee. Whether that be so or not, or whether the ordinance, if there be one, had anything to do with the field of respondents' operation under any circumstances, or could cut any figure in this case, we need not decide or even suggest, in view of the conclusion we have reached.

Appellants' attempted to prove the existence of the ordinance by means of a booklet of a few pages having nothing about it to indicate that it was an official publication. There was a general objection. The court of original jurisdiction took the evidence, making no ruling. Whether in reaching the original conclusion embodied in the judgment in the initial jurisdiction the evidence in question was considered, does not affirmatively appear. If it should have been rejected,

the presumption must be, as we have seen, that it was. The appellate court excluded the evidence under the general objection.

Counsel cite many cases to show that the court below erred in rejecting the evidence because the objection thereto was not specific. The fact seems to have been overlooked that the cited cases are of trials where there was a general objection, the evidence was received, and it was held proper because of competency for a court to do so, the objection not being specific; and overlooked the companion rule that if, in face of a general objection, only, the court rejects the evidence the ruling will not be reversed on appeal if it appears that the evidence was objectionable upon any specific ground. There, it is to be presumed, the specific infirmity was the deciding factor, and it was competent for the trial court to take efficient notice thereof though it was not bound to do so. *Pettit v. May,* 34 Wis. 666; *Nicolai v. Davis,* 91 Wis. 370, 64 N. W. 1001; *Crawford v. Witherbee,* 77 Wis. 419, 46 N. W. 545; *Evans v. Sprague,* 30 Wis. 303, and many similar cases which might be cited, are all instances where the evidence was received and it was held not error because the objection was general.

True, it is the rule that where evidence is rejected under a general objection and a contrary ruling would have been called for upon a specific objection, and counsel making the offer requests the court to specify the particular ground for the adverse ruling for the purpose of obviating it, it is improper to refuse to do so; *Colburn v. C., St. P., M. & O. R. Co.* 109 Wis. 377, 85 N. W. 354; but that is not this case, and is in harmony with the general rule stated.

This is elementary:

"The rule that the objection should be specific has no application, however, where a general objection is sustained; in that case the party against whom the ruling was made cannot urge that the objection was too general." Jones, Ev.

(2d ed.) § 894 (897) ; 8 Ency. Pl. & Pr. 229 ; 1 Wigmore, Ev. § 18.

That rule seems to be thus rather more specifically stated in *Tooley v. Bacon,* 70 N. Y. 34, than in any of our own adjudications which we have in mind:

"When evidence is excluded upon a mere general objection, the ruling will be upheld upon appeal if any ground in fact existed for the exclusion ; it will be assumed in the absence of any request by the opposing party or the court, to make the objection more definite, that it was understood, and that the ruling was placed upon the right ground."

There are other exceptions to the general rule that objections should be specific, and, if not, an adverse ruling will not be held error, as where evidence offered is manifestly improper the court may, in its discretion, exclude the same whether objected to or not; *Farmers' & M. Bank v. Whinfield,* 24 Wend. 419 ; Jones, Ev. (2d ed.) § 893 (896) ; and, further, where it is manifest that the evidence is not proper in any circumstances, a general objection, though overruled, will be deemed to have been sufficient.      1 Wigmore, Ev. § 18.

The foregoing in favor of respondents, disposes of the contention based on the claimed existence of a city ordinance affecting their right to recover; but there were good reasons for the exclusion.   As the trial court held, the offered evidence was not a copy of a city ordinance authenticated in the manner provided by sec. 4137, Stats. (1898).   The document did not purport to have been printed by authority of the common council, as the statute provides.   That was sufficient to justify the exclusion.   *Quint v. Merrill,* 105 Wis. 406, 81 N. W. 664.   It was not a case of defective authentication with which the trial court had to deal, but of no authentication at all.   The name of the chief inspector of buildings was printed at the foot of the fly leaf, but not in a way to indicate that even he authorized or was in any way a party to the publication.   As well might the print have been offered had

it been contained in the "Milwaukee News" or other Milwaukee paper as ordinary filling. Had it been regarded as evidence, it might have been treated as of no probative force whatever. Had no objection been made, it might have been disregarded just the same. So the case must now be treated as if there were nothing in the way of respondents maintaining their recovery, if the contract for the elevator was of the character and was performed in the manner claimed by them, save and except the little departure which the trial court held was not sufficient to warrant disturbing the original decision that there was substantial performance.

On the remaining question suggested by the last foregoing little need be said. Two trials have been had. The matter at issue was one of fact. The result at first, confirmed on appeal to the circuit court, could not be disturbed without first concluding there was no substantial basis for it in the evidence. An examination of the record,—even the trend of the argument of counsel for appellants in respect to the matter,—satisfies us there is no such want of support for the judgment complained of. Therefore it must be affirmed.

*By the Court.*—So ordered.

A motion for a rehearing was denied January 30, 1912.