McNEILL v. STATE. (Supreme Court of Arkansas. March 22, 1915.) For majority opinion, see 173 S. W. 826.

HART, J. (dissenting). It will be noted that the letters written by the defendant to his wife, and delivered by her to her brother for the purpose of being given to the prosecuting attorney to be used as evidence in this case, have been held competent on the authority of Hammons v. State, 73 Ark. 495, 84 S. W. 718, 68 L. R. A. 234, 108 Am. St. Rep. 66, 3 Ann. Cas. 912. The court says in effect that where letters fall into the hands of a third person, without being taken forcibly from the wife, or obtained without any other sort of compulsion, they are competent evidence against the husband. In my judgment this is to overrule Ward v. State, 70 Ark. 204, 66 S. W. 926, and to greatly extend the doctrine in Hammons v. State, supra. In the Ward Case, a letter was taken from the wife after it was delivered to her, and the court held that it was not admissible in evidence against the husband. In the Hammons Case, a letter was intercepted before it reached the wife, and the letter was admitted in evidence; but the court expressly disclaimed any intention of overruling the Ward Case. The court went no further in the Hammons Case than to hold that a letter written by a husband to his wife may be offered in evidence against the husband, when not in the custody of the wife or control of her agent or representative, but is in the control of a third person without her connivance or voluntary act. In the case before us the court had held that a wife may voluntarily and with hostile intent deliver a letter written to her by her husband to a third person, for the purpose of having it introduced in evidence against the husband. It is true some courts have held that, when papers or letters are offered in evidence, the court can take no notice of how they were obtained, because to try that question would be to permit a collateral issue to be tried; but it will be noted that our court in the Ward and Hammons Cases has not adopted that view, and the decision in the present case does not rest on that ground. The rule which protects confidential communications of this nature was established on grounds of public policy, for the purpose of encouraging mutual confidence between husband and wife, and thereby promoting the happiness of the married state. To this end the common law provides that all communications between husband and wife which are of a confidential nature shall be kept inviolate. In the Ward and Hammons Cases it was recognized that this provision extended to written as well as oral communications. It is obvious that the present decision limits the protection to oral communications and to such written communications as are taken from the spouse by force; for the spouse having possession of the letters can always deliver them to a third person for the purpose of being used in evidence against the spouse who wrote them, and thus by his or her voluntary act defeat the very purpose of the rule. That the court did not intend that such construction be placed upon its opinion in the Hammons Case is evident from the language contained in the opinion. Stress is laid several times in the course of the opinion on the fact that there was no evidence connecting Mrs. Hammons in any way with the delivery of the letter to the witness. I think, also, that the language of the dissenting opinion bears out the views I have here expressed. Otherwise, in discussing the difference between the Ward and Hammons Cases, why say: "The fact that the letter was forcibly taken from the wife, on the one hand, and that it was intercepted before it reached the wife, on the other hand, should not be a controlling distinction." The court also held that the letters were competent, because it is inconsistent for the defendant to claim the right to exclude the letters to Estella

Williams on the ground that she is his wife, and at the same time claim that he had not been married to her. The defendant entered a plea of not guilty, and it then devolved upon the state to prove beyond a reasonable doubt that he was guilty. It was not incumbent upon the defendant to introduce any testimony whatever. One of the essential elements of the offense was that he should have a wife living at the time he married another. It was incumbent upon the state to prove that he had a living wife when he married the second time, and this proof should have been made by competent testimony. Therefore, if I am correct in holding that the letters written to his first wife could not be used in testimony against him, the defendant would not be bound by any rule of estoppel from objecting to the introduction of such letters.

———

KING COUNTY v. MARTIN. (No. 8044.) (Court of Civil Appeals of Texas. Ft. Worth. Jan. 9, 1915.) On motion for rehearing. Overruled. For former opinion, see 173 S. W. 960.

CONNER, C. J. Appellant's motion for rehearing merely presents questions that were presented on the original hearing, without anything new being urged in its support. The motion will therefore be overruled without discussion. Appellee, however, while concurring in the final conclusion originally reached, insists that in the interest of uniformity of decision we should modify our conclusion that, under the general objection that the evidence of the usual rate of interest in sales of lands by private persons was "immaterial," we could not consider the objection that "the conditions were not shown to be similar." The insistence is that, while the general rule is as we applied it where evidence is admitted over a general objection, a distinction is to be made in instances where evidence is excluded on such objection. The authorities seem to support the distinction in cases where neither the trial court nor opposing counsel call for specific objection at the time of the exclusion of the testimony. See 5 Jones on Evidence, 377 et 894; Mine & Smelter Supply Co. v. Park & Lacy Co., 107 Fed. 881, 47 C. C. A. 34; Tooley v. Bacon, 70 N. Y. 34; Hurlbut v. Hall, 39 Neb. 889, 58 N. W. 538; Storms v. Lemon, 7 Ind. App. 435, 34 N. E. 644; Adams v. Southern R. R. Co., 166 Ala. 449, 51 South. 987; Rosenberg v. Sheahan, 148 Wis. 92, 133 N. W. 645; Flanagan v. Womack & Perry, 54 Tex. 45. In the case of Tooley v. Bacon, supra, the court say: "Where evidence is excluded upon a mere general objection, the ruling will be upheld upon appeal if any ground in fact existed for the exclusion; it will be assumed, in the absence of any request on the part of the opposing party or the court, to make the objection more definite, that it was understood that the ruling was placed upon the right ground." In the Texas case just cited, the court, among other things, said: "The court may in its discretion refuse to entertain an objection to a question propounded to a witness unless the ground of objection be stated; but, should a general objection be entertained and correctly sustained, it would be no ground for reversal, no substantial error having been committed." In the present case it is by no means clear that conditions were shown to be similar. Nor does it appear that either court or opposing counsel requested a more specific objection to the testimony referred to than was made. Had such request been made, the objection that conditions were not shown to be similar might have been obviated. In the absence of such request, however, we should perhaps assume, as stated in the quotation from the New York decision, that it was understood at the time of the exclusion of the evidence relating to the interest demanded in sales of lands by private parties that the ruling was placed upon

the ground that the conditions were not shown to be similar. But, if this be assumed, it merely affords an additional reason for overruling, as we did, the assignment of error to the action of the court in excluding the evidence, and we hence need do no more than to note the distinction mentioned.