Town of Mineral Point, Respondent, vs. Kealy, Appellant.

*October 27—November 14, 1916.*

*Highways: Encroachments: Fences: Order for removal: Statutory requirements: Service: "Occupant" of land: Other notices: Presumption.*

1. A finding by the trial court that defendant was the sole occupant of the land to which fences which encroached upon a highway were appurtenant, is *held* to be sustained by evidence showing, among other things, that although his sister owned a half interest in the property and lived on the premises with him, he was in possession, managing and operating the farm and having control thereof; and service upon the sister of the order requiring removal of such fences, under sec. 1330, Stats., was not necessary.

2. An order under sec. 1330, Stats., for the removal of encroaching fences, which accurately described the center line of the highway and its width, the land to which the fences, which were crooked and irregular, were appurtenant, and that portion of the highway upon which they encroached, sufficiently specified the extent of the encroachment.

3. An order made on September 9th requiring the removal of encroaching fences "within thirty days from the first of October" following, was not contrary to sec. 1337, Stats., which provides that "no person shall be required to remove any fence . . . except between the first day of October and the first day of April."

4. Sec. 1284, Stats., is not applicable, nor is the notice therein provided for a condition precedent, to proceedings under secs. 1330–1337 for the removal of fences which encroach upon a highway. In case of an ancient highway, if any fences existed at the time it was laid out it must be presumed that the proper notice was given under sec. 1284.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed*.

This is an appeal from a judgment adjudging that the defendant's fences encroached upon a highway and ordering their removal with costs. On September 9, 1914, the town board of plaintiff served upon the defendant a notice of removal of fences under sec. 1330, Stats. The defendant denied encroachment. Judgment was rendered to the effect that the defendant's fences encroached upon the highway in question and requiring the removal thereof within thirty days from October 1st, with costs. The court made findings of fact and conclusions of law and also delivered an opinion which is part of the record. The only material issue in the case is whether the proceedings of the town board were in compliance with law.

The cause was submitted for the appellant on the brief of *T. M. Priestley* and *Aldro Jenks*, and for the respondent on that of *Fiedler & Fiedler*.

KERWIN, J. The points relied upon by appellant for reversal will be considered in their order.

1. Sarah Kealy, sister of defendant, lived on the premises in question with the defendant, and it is insisted that she was an "occupant" within the meaning of the statute and that notice should have been served upon her. Sec. 1330, Stats., provides that in case of an encroachment by fences in a highway the order of the supervisors shall require the "occupant of the land" to remove the fences and that they shall cause a copy of the order made requiring such removal to be served upon the occupant. It appears in the case that Sarah Kealy

owned a half interest in the property, but that defendant was in possession, managing and operating the farm and having control thereof. The learned trial judge found and held that the defendant was the sole occupant of the land, that he controlled and managed the farm throughout, and was considered by himself and apparently by all who knew the circumstances to be the sole occupant. We are satisfied that the testimony supported the finding of the trial judge upon this point.

2. It is further claimed that the order to remove fences does not specify the extent of the encroachment and is void. The order gives an accurate description of the center line of the highway. The order further provides that the line of said survey is the center of the highway and that said road was laid out three rods wide. Maps appear in the record showing that the defendant maintained crooked and irregular fences in both sides of the highway the whole distance thereof. The order requiring the removal described accurately the land through which the highway passes and that portion of the land in the highway encroached upon by defendant's fences. The court below found that the notice was served under and in compliance with sec. 1330, Stats., and we think the finding has support in the evidence.

3. It is further argued that the notice or order was void because it required the removal of the fences between the first day of April and the first day of October and some Wisconsin cases are cited by appellant upon this point, but it is clear they have no application to the instant case. The order did not require the removal between April first and October first. The order provided: "It is therefore ordered by said town of *Mineral Point* that the said *Michael J. Kealy* be and he is hereby required to remove said fences beyond the limits of said highway within thirty days from the *first day of October, 1914.*" This order was proper and in compliance with sec. 1337, Stats.

4. It is also argued that the town board had no jurisdiction to maintain the proceedings without first having ordered

the fences removed under sec. 1284, Stats. This position is clearly untenable. Sec. 1284 provides for the giving of notice to an occupant of inclosed, cultivated, or improved land to remove his fences and applies to proceedings had upon opening of the highway after it is laid out, not to proceedings to remove encroachments.

Moreover, if any fences existed at the time the highway in question was laid out it must be presumed that the proper notice was given under sec. 1284, Stats. The highway in question is an ancient highway and it cannot be urged in this proceeding that sec. 1284 was not complied with. *Olwell v. Travis,* 140 Wis. 547, 123 N. W. 111. Upon the whole record we are convinced that the case was fairly tried and no prejudicial error committed and that the judgment below is right and should be affirmed.

*By the Court.*—Judgment is affirmed.